■ CHRISTINE JONES, Respondent, v ARTHUR ROSENSTEIN, Appellant.— Order of the Supreme Court, New York County, entered September 6, 1979 which granted plaintiff's motion for summary judgment, denied defendant's cross motion for summary judgment and awarded plaintiff $11,200 plus interests and costs, unanimously modified, on the law, plaintiff's motion for summary judgment denied, without costs or disbursements, and the matter remanded for a hearing to determine the defendant's obligation to meet the plaintiff's rental expenses under paragraph 4 of the separation agreement executed by plaintiff and defendant and the judgment of said court entered on September 19, 1979, unanimously reversed, on the law, without costs and without disbursements. The agreement specifically provided for several options which plaintiff could choose to follow in the event the defendant called upon her to vacate the co-operative apartment occupied by the plaintiff and defendant prior to their divorce, and in which plaintiff continued to reside following their divorce. We agree with the Justice at Special Term that the provisions referred to were imprecise, incoherent and inartful. The agreement appears to us sufficiently ambiguous so as to require a hearing to develop further information that might assist in determining the intent of the parties. It may be that a hearing will confirm the validity of Special Term's decision or point to another more appropriate interpretation

---

* Defendant stated: "Oh, shit. I didn't know you were the man. I didn't know you were a policeman or I wouldn't have held you up."

of the subject paragraph. We do not say, however, that the defendant does not have an obligation under the separation agreement to pay for the wife's present apartment. We remand for a hearing to determine to what extent the defendant is obliged to meet this responsibility. Concur—Kupferman, J. P., Birns, Sandler, Ross and Markewich, JJ.