■ WILLIAMSBURGH SAVINGS BANK, Plaintiff, v ALAN R. BROWN, Appellant, and CHERYL L. BROWN, Respondent.—In an action upon a promissory note, defendant Alan R. Brown appeals from so much of a judgment of the Supreme Court, Nassau County, entered May 31, 1979, as was in favor of defendant Cheryl Lynn Brown, and against him, upon the granting of her cross motion for summary judgment on her cross claim for the full amount of the sum awarded to plaintiff. Judgment reversed insofar as appealed from, with $50 costs and disbursements, and defendant Cheryl Lynn Brown's cross motion for summary judgment is denied. The Williamsburgh Savings Bank commenced this action to recover the outstanding balance of a promissory note jointly executed by the defendants, Alan R. Brown and Cheryl Lynn Brown, who were husband and wife at the time. The proceeds of the loan were used to improve the former marital premises. Ms. Brown cross-claimed against her former husband alleging that, based upon the judgment of divorce, he was solely liable for the indebtedness owed to the plaintiff bank. Neither defendants challenge the entry of the judgment in favor of the bank and the only issue now before this court is whether it was proper to grant summary judgment on respondent's cross claim against her former husband. The divorce decree contains no explicit reference to the home improvement loan. Although the decree does provide that "all outstanding bills resulting from the marital relationship" ought to be paid by the appellant, this language is clearly referable to a prior judgment of arrears entered in the matrimonial proceeding. However, neither said judgment nor the underlying record therein has been made a part of the instant record on appeal. On the present record, it is impossible to tell what was actually intended to be included within the scope of the decretal paragraph upon which respondent relies. Rather, it is entirely possible, as appellant argues, that it was intended that the home improvement loan should be treated in the same manner as the outstanding mortgage. Such view is supported by the terms of the promissory note which is a joint obligation as well as the use to which the proceeds of the loan were made, which was to benefit both parties by increasing the value of the jointly owned marital residence. In the instant circumstances, it is manifest that there is a material question of fact regarding the extent of appellant's liability and it was therefore inappropriate to have granted respondent's motion for summary judgment. Mangano, J. P., Rabin, Gulotta and Cohalan, JJ., concur.