■ In the Matter of EDNA FISHMAN, Formerly Known as EDNA FISHER, Appellant, v ALLEN FISHER, Respondent.—In a proceeding pursuant to article 4 of the Family Court Act, the petitioner mother appeals from an order of the Family Court, Rockland County, dated June 22, 1979, which denied her application for an upward modification of the child support provisions of a divorce decree. Order modified, on the law and facts, by increasing from $62 to $80 per week the amount to be paid by the respondent father for the support and maintenance of the parties' two infant children. As so modified, order affirmed, without costs or disbursements. The incidental issues of the divorce proceeding, including that of support of the two children where custody was awarded to petitioner, were essentially resolved by an unsigned stipulation dictated into the record on October 12, 1972 (at which time the case came up for trial), "After a conference among the counsel and the Court". Two weeks later, on October 26, 1972, there was colloquy preceding the formal testimony of the petitioner, wherein the court stated that "the Court and counsel have spent considerable time in working out a proposed stipulation affecting property rights, visitation, support and other matters", and that "if the evidence is sufficient * * * to warrant the Court granting a divorce, the Court will incorporate this stipulation into the decree of divorce". There was no statement by the court or either counsel that the dictated stipulation was to survive such incorporation. The judgment of divorce set forth, in separate decretal paragraphs, all of the agreed upon provisions, without mention of the stipulation, based "upon the findings of fact and conclusions of law heretofore signed herein". Under the circumstances there was a merger of the stipulation with the divorce decree (see *Avella v Avella,* 74 AD2d 592; *Nicoletti v Nicoletti,* 43 AD2d 699). Therefore, the amount of child support was subject to modification by the Family Court because of "changed circumstances" (Family Ct Act, § 461, subd [b], par [ii]), with the respective "means and responsibilities" *(Matter of Carter v Carter,* 58 AD2d 438, 447) of each parent to be considered. On the totality of the evidence we conclude that, at the present time, the respondent's obligation to pay for the support of the parties' two children should be raised to $80 per week. Damiani, J. P., Lazer, Gibbons and Martuscello, JJ., concur.