■ STANLEY J. GOLD, Appellant, v MARY L. GOLD, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Smyk, J.), entered April 19, 1989 in Broome County, which denied plaintiff's motion for summary judgment and partially granted defendant's motion for summary judgment.

After nine years of marriage, the parties divorced. A separation agreement, which had been executed several months earlier, was incorporated but not merged into the divorce decree; the divorce was granted on grounds of cruel and inhuman treatment. Pursuant to the separation agreement, defendant had exclusive occupancy of the marital home and received support payments from plaintiff. It is undisputed that

for approximately seven years following the divorce, defendant paid the mortgage, insurance premiums and real estate taxes on the marital home. In 1984, she failed to meet these payment obligations and the mortgagee initiated foreclosure proceedings.

Plaintiff instituted this action in Supreme Court to compel defendant to make the past-due tax and mortgage payments and moved for summary judgment. Defendant counterclaimed for an increase in support and moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendant's motion to the extent of ordering plaintiff to pay the property tax arrears, future taxes and the entire mortgage balance. On this appeal, plaintiff claims that Supreme Court improperly modified the existing separation agreement.

Ordering plaintiff to pay the outstanding mortgage balance was error. The separation agreement expressly provides that "[defendant] shall pay all utilities and the mortgage from the support provided her". Absent assent from both parties, Supreme Court lacked the power to modify or alter the terms of the separation agreement (see, Vranick v Vranick, 41 AD2d 663). And the fact that the mortgagee has since discontinued the foreclosure action does not, as defendant suggests, render this aspect of the appeal moot, for even though the reason behind the order no longer exists, the order itself directing plaintiff to pay the outstanding mortgage retains its vitality.

Furthermore, the separation agreement is ambiguous as to who is to pay the property taxes. Significantly, the agreement is silent in this respect. While plaintiff acknowledges that the bond and mortgage securing the home obligates both parties to pay the taxes, he avers that, "By virtue of the Separation Agreement, we contracted for the defendant to pay the insurance and taxes. In consideration for that, I entered into an agreement whereby I paid her $175.00 per week." As further support for his view that the separation agreement requires defendant alone to pay the taxes, he points to the fact that she did indeed make those payments for seven years.

For her part, defendant notes that by the terms of the separation agreement plaintiff agreed to be responsible for all of the parties' obligations incurred prior to the execution of the separation agreement, one of which, though not identified in the agreement as such, is the mortgage herein (see, Williamsburgh Sav. Bank v Brown, 74 AD2d 869). Defendant further avers that she was forced to pay plaintiff's "share" of the taxes from 1978 until 1985, when she could no longer pay

any portion thereof, because plaintiff had refused to do so. A triable material question of fact being presented regarding which of the parties is liable for the property taxes, summary judgment was inappropriate (cf., Jones v Rosenstein, 73 AD2d 909).

Order modified, on the law, without costs, by reversing so much thereof as partially granted defendant's motion for summary judgment; motion denied in its entirety; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.