■■■ NANCY E. KIEFFER, Respondent, v LEONARD P. KIEFFER, Appellant. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Defendant appeals from an order modifying a judgment of divorce to increase from $500 to $1,250 per month defendant's obligation to pay family support. He also appeals from a second order directing him to pay $3,750 in attorney's fees and disbursements that plaintiff expected to incur in responding to this appeal by defendant of the support modification order. Defendant contends that the court erred in failing to set forth the factors that it considered in modifying defendant's support obligation; that the court

applied an incorrect standard in modifying the support provision; that plaintiff failed to demonstrate circumstances warranting modification; and that the court erred in awarding plaintiff counsel fees.

The court properly modified defendant's support obligation. With respect to defendant's argument that the court violated Domestic Relations Law § 236 (B) (7) (b) by failing to set forth the factors it relied on, we note that the statute by its terms is applicable only to initial support determinations in matrimonial actions or actions for child support, and does not apply to applications to modify. In any event, the court adequately set forth its findings and conclusions in modifying support.

Defendant's remaining challenges to the modification order are without merit. The parties established the applicable standard when they agreed that support payments would be subject to modification upon a showing of "substantial change in circumstances". Further, the evidence adduced by plaintiff is sufficient to justify the court's order of modification under either that standard or under the standards established by case law (see, Matter of Boden v Boden, 42 NY2d 210, 213 [unanticipated and unreasonable change in circumstances]; Matter of Brescia v Fitts, 56 NY2d 132, 139-146 [change of circumstances rendering support inadequate to meet the child's needs]).

Nonetheless, we conclude that the court erred in awarding counsel fees to plaintiff in anticipation of the appeal. That award cannot be upheld in the absence of an affidavit setting out the nature of the attorney's services and the time spent. (Appeal from order of Supreme Court, Erie County, Doyle, J. —modification of support.) Present—Denman, J. P., Boomer, Pine, Balio and Lowery, JJ.