■ SHIRLEY H. COOPER, Appellant-Respondent, v IRVING COOPER, Respondent-Appellant.

The court properly determined the merger-survival issue without a hearing. Merger occurs unless the parties' agreement expressly stipulates against it *(Matter of Wlodarek v Wlodarek,* 78 AD2d 981; *accord, Nicoletti v Nicoletti,* 43 AD2d 699).* Here, the agreement is silent on the issue and thus is deemed to merge into the decree and not survive it as a separate and independent contract *(Matter of Fishman v Fisher,* 77 AD2d 596; *Nicoletti v Nicoletti, supra).*

The court erred in determining plaintiff's application without a hearing. An application for modification of alimony should not be denied without a hearing unless the moving papers are insufficient to demonstrate a ground for the relief sought *(Matter of Shipley v Shipley,* 55 AD2d 577, 578; *Parsons v Parsons,* 54 AD2d 861; *Stroh v Stroh,* 52 AD2d 844; *Ciaschi v Ciaschi,* 49 AD2d 991).* Plaintiff's papers allege a substantial change of circumstances warranting an increase in alimony *(see, Kover v Kover,* 29 NY2d 408, 413).* She alleges that, as a result of the general increase in the cost of living, the purchasing power of her alimony has been reduced by nearly one-half in the 15 years since the divorce. She also alleges that she has incurred unanticipated and uninsured medical expenses of about $500 per month. Finally, she avers that defendant's income has increased substantially since the divorce.

The court should not have awarded attorney's fees in the absence of an affidavit attesting to counsel's services. Without such affidavit, the court could not determine the nature, quality and reasonableness of the services rendered *(see, Kieffer v Kieffer,* 163 AD2d 907, 908; *Falcone v Falcone,* 112 AD2d 796, 797).* We thus reverse the order appealed from. Plaintiff's application is reinstated, a hearing is ordered on the modification issue, and plaintiff's request for attorney's fees is denied without prejudice to renewal upon proper proof. (Appeals from Order of Supreme Court, Erie County, Joslin, J.—Modify Alimony.) Present—Denman, P. J., Pine, Balio, Lawton and Davis, JJ.