■ SHIRLEY H. COOPER, Appellant, v IRVING COOPER, Respondent. [600 NYS2d 524] —Order unanimously affirmed without costs. Memorandum: Plaintiff, in 1991, sought an increase

of alimony from $375 per week to $1,500 per week. Defendant's obligation to pay alimony to plaintiff was set forth in a financial stipulation, merged by operation of law into the parties' 1974 divorce decree (Cooper v Cooper, 179 AD2d 1035, 1036). Pending the hearing on plaintiff's application, she served a notice of discovery and inspection upon defendant, seeking disclosure of 22 categories of documents relating to defendant's personal financial affairs and business dealings before and since the divorce. Defendant moved for an order of protection, which the court granted. Plaintiff appeals from that order and from the court's denial of her oral request that the court recuse itself from hearing plaintiff's application.

The court properly granted defendant a protective order with respect to plaintiff's discovery notice. The discovery notice is unduly burdensome inasmuch as it seeks disclosure of documents generated over a period of nearly two decades. Moreover, most of the documents sought by plaintiff are irrelevant to her modification application, which is based on claims of changed circumstances and financial hardship. Defendant has produced a financial affidavit revealing his current assets and income. Further, at oral argument upon the appeal, defense counsel indicated his willingness to comply with a reasonable request for disclosure.

Additionally, we affirm the court's denial of plaintiff's oral motion for recusal. There is no basis on this record for crediting plaintiff's contention that the court is predisposed to deny plaintiff's application. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Discovery.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.