■ JOHN McLANE, Respondent, v AVIS McLANE, Appellant. [619 NYS2d 899] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant's notice of appeal states that this appeal is taken from an order entered June 3, 1993. In the exercise of our discretion, we deem the appeal to have been taken from the subsequent judgment *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

We agree with defendant that Supreme Court erred in failing to grant her maintenance. The court did not explicitly rule on defendant's maintenance request. The failure to rule is deemed a denial *(see, Brown v U.S. Vanadium Corp.,* 198 AD2d 863, 864). Furthermore, although the court made certain findings, it failed to set forth the factors it considered

with respect to a maintenance award *(see,* Domestic Relations Law § 236 [B] [6] [b]). The record is sufficient for us to make additional findings *(see, Reck v Reck,* 149 AD2d 934). As the court noted, this was a long-term marriage. The undisputed evidence establishes that defendant is a 52-year-old former manager of a pizza restaurant who is presently disabled by reason of fractures caused by plaintiff and has no income. Plaintiff, also 52, is an independent trucker with a gross income of $50,000 the year before trial. His personal expenses total approximately $914 per month and his business expenses total approximately $1,565 per month excluding repairs. He was unable to state the cost of repairs. He testified that he was subject to a Federal tax lien. Plaintiff stipulated that he would be responsible for debts owed to a bank and a credit union. As part of an equal division of marital property, defendant was awarded the marital residence and furnishings in which the court found total equity of $6,300, and $4,000 in cash. Plaintiff was awarded three trucks, a snowmobile trailer and a motorcycle. Defendant is presently unable to be self-supporting and plaintiff's income is sufficient to provide maintenance until plaintiff's pension benefits are received. We conclude that defendant is entitled to maintenance in the amount of $300 per week, commencing July 27, 1992, the date of service of the answer and counterclaim, and continuing until she begins receiving benefits from plaintiff's pension from a previous employer. We further agree with defendant that the court erred in failing to direct entry of the qualified domestic relations order (QDRO) to which the parties had agreed. We remit for computation and entry of the QDRO.

Defendant's remaining contentions are without merit. There is no basis in the record for a counsel fee award because defendant failed to submit at trial an affidavit setting forth counsel's services and the time spent *(see, Cooper v Cooper,* 179 AD2d 1035; *Kieffer v Kieffer,* 163 AD2d 907). Furthermore, the court did not err in declining to consider the 1989 Oldsmobile in its distribution of property. The court credited the testimony of plaintiff that, although the vehicle was in his name, he had purchased it for a friend with funds that the friend had provided. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Divorce.) Present—Green, J. P., Pine, Lawton, Callahan and Doerr, JJ.