■ In the Matter of JEFFREY W. MUNZ, Respondent, v JOYCE M. MUNZ, Appellant. [661 NYS2d 882] —Carpinello, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered September 6, 1996, which granted petitioner's ap-

plication, in a proceeding pursuant to Family Court Act article 6, to hold respondent in contempt for violating an order of visitation.

As a result of respondent's refusal to permit her children to spend vacation time with petitioner, their father, petitioner commenced this proceeding against respondent seeking to hold her in contempt for violating a November 20, 1992 order of visitation and to have her committed to jail. Following a fact-finding hearing, Family Court found that respondent willfully and contumaciously withheld the children from visitation in violation of the order and committed respondent to the Delaware County Jail for 30 days. Respondent appeals.

We affirm. "In order to find that a civil contempt has occurred, it must be determined that the party charged with contempt had knowledge of and disobeyed a lawful order of the court which 'express[ed] an unequivocal mandate'" (*Matter of Beers v Beers*, 220 AD2d 839, 841, quoting *Matter of McCormick v Axelrod*, 59 NY2d 574, 583, *amended* 60 NY2d 652; *see*, *Matter of Hoglund v Hoglund*, 234 AD2d 794, 795; *Matter of Keator v Keator*, 211 AD2d 987). "In addition, it must be demonstrated that the offending conduct prejudiced a right of the complaining party" (*Matter of Beers v Beers, supra*, at 841; *see*, *Matter of Hoglund v Hoglund, supra*, at 795).

Although a copy of the November 20, 1992 order of visitation has not been made a part of the record, it is undisputed that the order provided that petitioner was entitled to visitation with his children during any summer recess or holiday from school when he was not actually engaged in employment, provided that he gave respondent six weeks' notice of his intent to exercise his visitation rights. While petitioner evidently did not give the requisite six weeks' notice with respect to the visitation at issue, respondent nonetheless agreed to allow petitioner to have the children for one week following her remarriage and instructed him to pick them up at 9:00 A.M. on June 23, 1996. This was agreed to by the parties; however, shortly before the scheduled vacation the parties had a verbal confrontation over the telephone. Respondent admitted that she refused to allow petitioner to have visitation with his children during the following week because petitioner sounded intoxicated during this exchange. Inasmuch as respondent admitted to violating the order and has failed to provide a legitimate excuse for doing so, and petitioner's visitation rights were clearly prejudiced by respondent's conduct, we conclude that Family Court did not abuse its discretion in holding respondent in contempt and sentencing her to 30 days in jail. We

have considered respondent's remaining contentions and find them to be unavailing.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.