■ In the Matter of DEBORAH ZELLER, Respondent, v NORMAN ZELLER, Appellant. [703 NYS2d 539] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Kent, J.), entered December 2, 1998, which denied his objections to an order of the same court (Buse, H.E.) dated September 10, 1998, determining that he was obligated to pay, *inter alia,* certain educational expenses of the parties' children, and remitted the matter for a new determination of the arrears of those expenses, if any, and (2) an order of the same court (Dounias, J.), entered May 11, 1999, which denied his objections to an order of the same court (Buse, H.E.) dated March 25, 1999, after remittal.

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the father's contention, the modification to the separation agreement, dealing with educational expenses, and the separation agreement itself constituted one document. Since the separation agreement stated that it survived the divorce decree, the Family Court had subject matter jurisdiction to hear the mother's petition as it related to college expenses (*see, Cooper v Cooper,* 179 AD2d 1035).

The father's remaining contentions are without merit. Ritter, J. P., Altman, Luciano and Feuerstein, JJ., concur.