■ DATA-TRACK ACCOUNT SERVICES, INC., et al., Respondents, v CURTIS W. LEE, Appellant. (Appeal No. 1.) [736 NYS2d 558] —Appeal from an order of Supreme Court, Erie County (NeMoyer, J.), entered November 2, 2000, which, inter alia, granted that part of plaintiffs' motion seeking to hold defendant in civil contempt.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order that, inter alia, granted that part of plaintiffs' motion seeking to hold him in civil contempt for violating various orders of Supreme Court. Because defendant either failed to appeal or failed to perfect his appeals from those underlying orders, issues concerning the propriety of those underlying orders are not properly before us (see, Bray v Cox, 38 NY2d 350, 353), and we decline to exercise our discretion to allow defendant to raise such issues on this appeal (see, Faricelli v TSS Seedman's, 94 NY2d 772, 774). The court's determination that defendant violated the terms of the underlying orders is supported by the record, which includes, inter alia, admissions by defendant, and defendant failed to raise an issue of fact requiring a hearing (see, Goldsmith v Goldsmith, 261 AD2d 576, 577). Attorneys' fees may properly be awarded as a sanction for civil contempt (see, Costanza v Costanza [appeal No. 2], 213 AD2d 1043, 1044), and the court did not abuse its discretion in requiring defendant to pay the amount of $130,000 toward plaintiffs' attorneys' fees.

The court also properly granted that part of plaintiffs' motion for a permanent injunction enjoining defendant from disclosing confidences and secrets he obtained during his employment as an attorney for plaintiffs. Plaintiffs established irreparable harm by demonstrating that defendant had made repeated disclosures of confidential information to their detriment and they established that they have no adequate remedy at law (see, McNeary v Niagara Mohawk Power Corp., 286

AD2d 522, 525). We have examined the remaining issues raised by defendant and conclude that they lack merit. Present— Pigott, Jr., P.J., Pine, Wisner, Burns and Lawton, JJ.