██ MARJORIE P. LAMB, Respondent, v ANTHONY P. AMIGONE, Appellant. [785 NYS2d 822]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered September 4, 2003. The order held defendant in contempt of the parties' judgment of divorce, ordered him to bring all maintenance and distributive award obligations current, ordered that the obligation of the parties to contribute toward the college expenses of their daughter terminated as of her emancipation in May 2001, ordered defendant to pay attorney's fees and sanctions and denied defendant's cross motion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from an order that, inter alia, held

him in contempt of the parties' judgment of divorce "for his willful failure to pay portions of his maintenance and distributive award obligations," ordered him to bring all maintenance and distributive award obligations current, ordered that the obligation of the parties to contribute toward the college expenses of their daughter terminated as of her emancipation in May 2001, and ordered defendant to pay $3,000 in attorney's fees and sanctions. We conclude that Supreme Court erred in finding that defendant was in contempt of court without having first conducted a hearing. Although plaintiff's moving papers established that defendant violated a clear and unequivocal order of the court when he failed to pay maintenance in March 2003, defendant nonetheless raised issues of fact in his opposition to the motion, thus requiring a hearing (*cf. Data-Track Account Servs. v Lee*, 291 AD2d 827 [2002], *lv dismissed* 98 NY2d 727 [2002], *rearg denied* 99 NY2d 532 [2002]).

We further agree with defendant that the court improperly modified the parties' separation and property settlement agreement [agreement] when it ordered that the obligation of the parties to contribute toward the college expenses of their daughter terminated as of her emancipation (*see generally Gold v Gold*, 156 AD2d 874, 875 [1989]). The emancipation provisions set forth in article VIII of the agreement relate only to child support, life insurance and medical and hospitalization insurance coverage, and do not pertain to the obligations of the parties concerning their daughter's college expenses set forth in article VII. That article states that each party "will contribute one-half (1/2) of the expense for the child to attend college" and that "each of the parties agrees to be responsible for one-half (1/2) of [the] total expense on behalf of the child for a four (4) year program."

We further note that, while an award of attorney's fees is proper following a finding of contempt (*see Costanza v Costanza* [appeal No. 2], 213 AD2d 1043, 1044 [1995]; *see also Data-Track Account Servs.*, 291 AD2d at 827), a court must conduct a hearing where, as here, the moving party has not submitted proof in evidentiary form substantiating the amount of attorney's fees requested (*see Latona v Latona*, 210 AD2d 899 [1994]; *Kieffer v Kieffer*, 163 AD2d 907, 908 [1990]). We therefore reverse the order and remit the matter to Supreme Court before a different justice to determine plaintiff's motion and defendant's cross motion. Present—Pigott, Jr., P.J., Scudder, Kehoe, Lawton and Hayes, JJ.