■ VIRGINIA L. SNYDER, Respondent, v BARRY E. SNYDER, JR., Appellant. (Appeal No. 1.) [834 NYS2d 820]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered December 13, 2006. The order, among other things, found defendant in contempt for having willfully disobeyed a prior order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: In appeal No. 1, defendant appeals from an order that, inter alia, found him in contempt for having willfully disobeyed a prior order requiring him to make certain payments to plaintiff pursuant to the parties' settlement agreement, which was incorporated but not merged in the parties' judgment of divorce. In appeal No. 2, he appeals from an order committing him to the Erie County Correctional Facility until he complies with the prior order.

Contrary to the contention of defendant, Supreme Court was not required to conduct an evidentiary hearing before finding him in contempt. "[P]laintiff's moving papers established that defendant violated a clear and unequivocal order of the court" (*Lamb v Amigone*, 12 AD3d 1165, 1166 [2004]), and defendant failed to raise any issue of fact that would require a hearing (*see Data-Track Account Servs. v Lee*, 291 AD2d 827 [2002], *lv dismissed* 98 NY2d 727 [2002], *rearg denied* 99 NY2d 532 [2002]). We further reject defendant's contention that the court failed to make the requisite finding that plaintiff had exhausted her other remedies before finding defendant in contempt. Before issuing the contempt order, the court had required that defendant present documentary evidence of his current financial situation, including the current financial state of his former business. The court was not satisfied with the documentation submitted by defendant, however, and thus could not determine whether there were in fact other remedies available to plaintiff. Finally, we conclude that, by admitting at a hearing conducted subsequent to the issuance of the contempt order that he had failed to purge himself of the contempt, defendant waived his present contention that the provisions in the contempt and commitment orders affording him the opportunity to purge himself of the contempt were not sufficiently specific (*see generally Gresser v Princi*, 128 AD2d 752, 752-753 [1987], *lv dismissed* 70 NY2d 693 [1987]). Present—Martoche, J.P., Smith, Centra, Lunn and Peradotto, JJ.