◼ In the Matter of CLOEY Y., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SARA Y., Appellant. [857 NYS2d 331]—

Lahtinen, J. Appeal from an order of the Supreme Court (Lawliss, J.), entered May 16, 2007 in Clinton County, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of prior orders of disposition and protection.

Respondent, the 17-year-old mother of a child (born in 2006), admitted at the commencement of a violation hearing that she had willfully violated one of the terms set forth in an earlier order of disposition (and accompanying order of protection) that had been entered on consent. Specifically, she acknowledged failing on one occasion to provide a urine sample for drug screening as directed by her caseworker. At the time she made this admission, she was represented by counsel and had been informed by Supreme Court of the rights she was waiving. A hearing then proceeded regarding a second alleged willful violation for failing to provide a proper urine sample on another date. That second charge was dismissed following the hearing for a lack of proof. Nonetheless, Supreme Court directed that respondent be immediately incarcerated for 75 days. Respon-

dent's counsel made an application to this Court for a stay, which was granted resulting in respondent being released pending appeal after having served 14 days in jail. This appeal ensued.

Respondent asserts that the underlying orders lacked sufficient specificity to support the finding of a willful violation. We have previously held that " '[c]ontempt should not be granted unless the order violated is clear and explicit and unless the act complained of is clearly proscribed' " (*Matter of Hoglund v Hoglund*, 234 AD2d 794, 795 [1996], quoting *Kuenen v Kuenen*, 122 AD2d 616, 616 [1986]). Here, however, respondent admitted to a willful violation, she was represented by counsel when she made this admission, Supreme Court had informed her of the rights she was forgoing, she did not raise the specificity argument before Supreme Court, and it is otherwise uncontested that her admission was knowingly and voluntarily made. Under such circumstances, the assertion regarding the specificity of the underlying orders has not been preserved (*see Snyder v Snyder*, 39 AD3d 1281, 1282 [2007]).

Next, respondent argues that committing the 17-year-old mother of an infant to jail for 75 days was inappropriate. The child's Law Guardian joins in this argument, and petitioner, noting that respondent has since surrendered her parental rights, acknowledges that further incarceration would not advance the interests of justice. The penalty imposed generally will not be altered in the absence of an abuse of discretion (*see Matter of Leighton-Ryan v Ryan*, 274 AD2d 775, 776 [2000]; *Matter of Munz v Munz*, 242 AD2d 789, 790 [1997]; *Matter of Christina LL.*, 233 AD2d 705, 709-710 [1996], *lv denied* 89 NY2d 812 [1997]). Review of the record reveals that immediately after finding insufficient evidence to support the second alleged incident of a willful violation, Supreme Court repeatedly referred to that second incident as it if had been established when it imposed the penalty of incarceration. Referencing and according weight to an allegation just determined to be unproven was error and, in light of the length of jail time imposed (none of which was suspended), Supreme Court abused its discretion. Moreover, even if we had not found an abuse of discretion as a matter of law, we would reduce the penalty in the interest of justice under the prevailing circumstances.

The remaining arguments have been considered and, to the extent not rendered academic by our decision, are unavailing.

Peters, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reducing the penalty imposed from 75 days to time already served, and, as so modified, affirmed.