■ JOSEPH T. MULLEN, Appellant, v KRISTINA L. MULLEN, Now Known as KRISTINA L. BATCHER, Respondent. [913 NYS2d 925]—

Rose, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered October 16, 2010 in Albany County, which denied plaintiff's motion to hold defendant in civil contempt.

When the parties stipulated to a settlement of their divorce action in 2007, they acknowledged that "the children will be raised in the Catholic religion and that they will undertake their efforts to ensure that the children attend such important events relative to their being raised Catholic." The stipulation was incorporated, but not merged, into the judgment of divorce. Plaintiff now seeks to hold defendant in contempt based on her alleged failure to regularly take the children to Sunday mass during her custodial time. Supreme Court denied the motion without a hearing and plaintiff appeals.

To hold a party in contempt of a court order, the order must clearly express an "unequivocal mandate" (*Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983], *amended* 60 NY2d 652 [1983]). As we have held, "[c]ontempt should not be granted unless the order violated is clear and explicit and unless the act complained of is clearly proscribed" (*Matter of Cloey Y.*, 51 AD3d 1078, 1079 [2008] [internal quotation marks and citations omitted]). Here, the parties' stipulation does not explicitly require defendant to take the children to regular weekly mass when they are with her, and we will not look beyond the express language of Supreme Court's order to determine whether defendant is in violation of its mandate (*see Matter of Wallace B.O. v Christine R.S.-O.*, 12 AD3d 1057, 1058 [2004]; *Matter of King v King*, 249 AD2d 395, 396 [1998], *lv dismissed* 92 NY2d 877 [1998]; *Matter of Hoglund v Hoglund*, 234 AD2d 794, 796 [1996]).

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with costs.