Joseph F. Hawkins, J.
The plaintiffs are the Rockland County Builders Association, Inc., a membership corporation composed of builders operating in Rockland County, and business corporations — members of the first-named plaintiff —- engaged in constructing single-family dwellings in the Town of Ramapo. An injunction pendente lite is sought to restrain the Town of Ramapo (Town) from enforcing Local Law No. 4, *696 enacted by the Town on October 23, 1967, and made effective three days thereafter.
The constitutionality of the ordinance is attacked on several grounds: the Town has been granted no power by the State to enact such legislation; it violates both the State and Federal Constitutions in that it impairs the obligation under a contract; it constitutes class legislation since its classifications and applicability are arbitrary and, hence, discriminatory; that it denies equal protection under the law and takes property without due process of law, rendering it Violative of both State and Federal Constitutions.
The gist of defendants’ position is that the complaint “ fails to allege facts ” to establish that the local law is unconstitutional ; and,- secondly, that it is sanctioned by both section 10 of the Municipal Home Rule Law and the Town’s police powers.
The basic conceit of the legislation is quite simple. There is an introductory section entitled “ Legislative Intent ”, which reads: “The Town Board of the Town of Ramapo, deeming it necessary to take adequate steps to protect purchasers of newly-constructed homes in the Town of Ramapo with respect to deposits of contract down-payments, and further insure that said homes have been built in accordance with all applicable municipal rules, regulations and laws, and in a good and workmanlike manner, hereby determines that the enactment of this local law, pursuant to the powers granted by the Municipal Home Rule Law and the Town Law of the State of New York, will contribute to the public welfare and safety to the orderly development of the Town of Ramapo, and to the protection of future home buyers in the Town of Ramapo, and to re-enforce public confidence in the financially responsible builders and controls constructing homes in the Town of Ramapo.” It is, however, neither preceded nor followed by any legislative finding’s relating to the evils sought to be corrected or any factual justification for the legislation.
The local law is limited “ to any person building one or two family residences on land held primarily for re-sale within the unincorporated areas of the Town of Ramapo ”. It then requires that, upon entering into a contract for the sale of real property within the area of the Town upon which there is to be erected such residence, “ the contract down payment shall be held in escrow by the attorney for either the seller or purchaser, or if there be no attorney with a title company representative or with the Town Clerk of the Town of Ramapo ”. Further, when a building permit is applied for, the applicant, apart from other prerequisites, is required to ‘ ‘ furnish the *697 Building Inspector ’ ’ with ‘ ‘ a true copy of a Contract of Sale ’ ’. In the event the building permit has been issued prior to such contract of sale, the down payment thereunder is “to be deposited in escrow with the Building Inspector”. Additionally, the Justices’ Court of the Town of Ramapo is declared to be a “Court of Competent Jurisdiction” [sic] to entertain any action brought within one year arising out of “ any defect in construction or workmanship of the subject premises ”.
The threshold question to be determined — assuming the other constitutional objections are inapplicable — is whether the Town’s derived powers conferred the requisite authority to enact such legislation. In support, the Town urges that such authority exists “under Section 10 of the Municipal Home Rule Law and was a proper exercise of police power ”. The inescapable answer is in the negative. The sources of the Town’s powers stem from either the State’s Constitution or statutes; and neither has conferred such power upon the Town.
The very recent pronouncement by the Court of Appeals in Seaman v. Fedourich (16 N Y 2d 94, 101) reaffirmed the basic constitutional premise that a local government has only derived powers as created either by the Constitution or the Legislature of the State of New York: “It is axiomatic that local governmental units are creations of, and exercise only those powers delegated to them by, the State (N. Y. Const., art. IX, §§ 1, 2; Municipal Home Rule Law, §§ 10,11) ”.
There is the further criterion applicable, as held in Good Humor Corp. v. City of New York (290 N. Y. 312, 317) : “ Local laws are valid which have a substantial relation to matters within the field where legislative power is vested in the local legislative body of the city by the Constitution and statutes of New York. They must be reasonably calculated to achieve a legitimate public purpose.”
Mindful, in view of the foregoing, that other constitutional objections need not be determined, they do merit comment, for some are well taken. The Town cannot impinge upon freedom of contract. The legislative technique of requiring a deposit and withholding all or part of the consideration passing in a purely private transaction is virtually a textbook illustration of legislation which violates the constitutional prohibitions against impairing rights and obligations under a contract. We are very well aware of the many áreas in which the State has or may exercise control; but that is reserved to the State as limited by Federal constitutional safeguards and limitations; further, the State’s intervention is restricted to such industries and commcrical transactions as are declared to be so affected *698 with the public welfare and interest as to be embraced within the State’s police powers.
We have no doubt but that there are some practices in the building industry, particularly with regard to one-and two-family homes, which have caused anguish and financial loss to some buyers. We are, also, not unmindful that some buyers after taking title, believing that they have been imposed upon, are convinced that they have no resort other than to complain to their municipal officers for redress.
The lawful and permissible solution to the Town’s dilemma is to provide vigorous enforcement so to assure compliance with its Building Code. It cannot, however, by its own legislation, create a fund against which a homeowner-purchaser may proceed to recoup damages.
We suspect that any prevalent unethical or sharp practices which may exist in this industry are not confined to the Town of Ramapo. This is confirmed by an opinion rendered by the State Comptroller (17 Op. St. Comp., 1961, p. 288), in reply to an inquiry from a town as to whether it may enact an ordinance requiring that no certificate of occupancy was to be issued until the builder deposited the sum of $1,000 with his mortgagee, with such sum to be deemed security that the structure had been completed in accordance with filed plans and specifications. The Comptroller, in response, held: “There is no authority in the Town Law or any other law expressly authorizing a town to require the posting of security as a condition to the issuance of a certificate of occupancy. In the absence of an express grant of power, towns have only such incidental powers as are necessary to carry out their express powers (Wells v. Town of Salina, 119 NY 280, 23 NE 870 (1890). Judged according to this standard, it is clear that the town has no authority to enact the ordinance in question, since such an ordinance is not necessary to carry out the authority conferred on towns in relation to enacting a building code. ’ ’
The respondents urge in support of the constitutionality of legislation that a similar ordinance was adopted by the Town of Clarkstown on March 15,1967. The ordinances are not identical, for the Clarkstown ordinance appears to be directed against the loss of deposits made by contract vendees rather than to provide a fund in which to recoup damages. Whether or not the ordinances are identical, and with all due respect to the Town of Clarkstown and its legislators, we cannot regard this as constituting a controlling certification or imprimatur that its ordinance or similar legislation is necessarily valid.
*699 The court has been advised that, subsequent to the issuance of the order to show cause but immediately prior to the motion’s adjourned date, the Town enacted Local Law No. 5 of 1967, effective December 11, 1967, to “ supersede ” Local Law No. 4 of 1967. The changes in the new local law, however, are minor and do not affect the substance of the prior enactment.
We note the existence of a separability clause in the ordinance ; but where the legislation is so replete and so intertwined with unconstitutional provisions that its basic purpose cannot be salvaged, such clause is of no avail in saving any part of the vitiated legislation. As noted by Judge Pound, speaking for an unanimous court in Matter of McCabe v. Voorhis (243 N. Y. 401, 416): “ The purpose of the local law is plain. If an inconsequential portion may be saved as valid the question remains whether that part may be so separated from the invalid portions as to save it from the condemnation of invalidity. To separate the good from the bad and permit the submission to the voters of a maimed and worthless thing would be folly. Hoping for bread they would receive a stone. (Fougera & Co. v. City of New York, 224 N. Y. 269, 282, 283.) ” Plaintiffs’ motion for a temporary injunction is granted.