■ ROCKLAND COUNTY BUILDERS ASSOCIATION, INC. et al., Respondents, v. JOHN F. McALEVEY et al., Constituting the Town Board of the Town of Ramapo, et al., Appellants.— In an action for a judgment, *inter alia*, declaring a certain local law of the Town of Ramapo to be unconstitutional, defendants appeal from an order of the Supreme Court, Rockland County, dated January 22, 1968, which, on plaintiffs' motion, enjoined defendants *pendente lite* from in any manner enforcing the terms and provisions of said law and a superseding local law. Order modified, on the law and the facts, by adding thereto a provision that plaintiffs shall give an undertaking as provided in CPLR 6312 (subd. [b]) in an amount to be fixed by the Special Term upon a hearing held for such purpose, unless the parties stipulate to an amount therefor. As so modified, order affirmed, with $10 costs and disbursements to respondents. In our opinion, the granting of an injunction *pendente lite* without provision for a suitable undertaking was unwarranted (CPLR 6312). Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur. [55 Misc 2d 695.]

■ JANE T. TUITE, Appellant, v. ALFRED KRUDER, Doing Business as THE GLENWOOD, Respondent.— Order of the Supreme Court, Kings County, dated March 20, 1967, affirmed, without costs. No opinion. Beldock, P. J., Brennan, Hopkins and Munder, JJ., concur; Martuscello, J., dissents and votes (1) to reverse the order, which granted defendant's motion to set aside the jury's verdict and to dismiss the complaint and (2) to reinstate the verdict, with the following memorandum: Appellant, an 85-year-old woman, was a guest at respondent's hotel. Included on the premises were two shuffleboard courts separated by a trough in the concrete playing area that was five or six inches deep and about two feet wide. After finishing a game of shuffleboard, in which she had emerged victorious, she was leaving the playing area to return her stick when her heel slipped into a worn-away area at the edge of the trough, causing her to fall into the trough and injure herself. She admitted that she had seen the defective condition of the concrete some time prior to the mishap. The trial court charged the jury that appellant could not recover if she had been contributorily negligent or if she had assumed the risk. The jury returned a verdict of $33,000 in her favor, but the court set it aside on the grounds that, as a matter of law, she had assumed the risk and was contributorily negligent. In my opinion, it was error for the trial court to have set aside the verdict. The charge on the question of assumption of risk was unwarranted, since the evidence in the case would not permit a finding that appellant voluntarily exposed herself to the defective condition, knowing at the time that it was dangerous (see 1 N. Y. Pattern Jury Instructions, p. 139). At bar, appellant had finished her game at the time of the mishap and thus was not in the position of the injured person in such *active* sports as baseball (*Luftig* v. *Steinhorn*, 21 A D 2d 760, affd. 16 N Y 2d 568) or tennis (*Lobsenz* v. *Rubinstein*, 258 App. Div. 164, affd. 283 N. Y. 600). By her conduct, therefore, it could only be argued that appellant was contributorily negligent; and, in bringing in a verdict for her, the jury must have taken into consideration the fact that an 85-year-old woman might well have dulled faculties (cf. *Plunkett* v. *Brooklyn Hgts. R.R. Co.*, 129 App. Div. 572, affd. 198 N. Y. 568). Implicit in the jury verdict in appellant's favor was a finding that she had neither assumed the risk (which question, as indicated above, should never have been submitted to them) nor been contributorily negligent. It being my opinion that the trial court erred in setting aside the verdict, it should be reinstated.