■ MURRAY M. SEGAL et al., Respondents, v. JANE WOOD et al., Appellants.— Order, Supreme Court, New York County, entered February 26, 1973, so far as appealed from, unanimously modified, on the law and the injunction continued only on behalf of those plaintiffs not shown to have an interest, past or present, in the premises known as 320 West 17th Street, and further modified so as to delete therefrom restraints upon statements "personally derogatory to or defamatory of the plaintiffs," and, as so modified, the order is otherwise affirmed without costs and without disbursements. In this action alleging tortious interference with and conspiracy to injure their property rights and business activities, plaintiffs seek a preliminary injunction against picketing, distribution of printed or written materials which are derogatory or defamatory and against any other unlawful interference with their businesses and property rights. Two of the plaintiffs, Murray Segal and Harry De Mott, are the sole shareholders of the corporation which owns the premises previously referred to. Another plaintiff, Clement Segal, is alleged to have held a legal interest in the property and to maintain a *de facto* interest therein. The other plaintiffs have no connection with the premises. Defendants apparently object that, allegedly, tenants have been forced to move, the premises are being remodelled and the premises will no longer house tenants paying low rent. At present only two tenants remain. Over a period of months defendants are alleged to have engaged in picketing, circulation of handbills and verbal epithets aimed at each of the plaintiffs. Special Term enjoined and restrained defendants "from engaging in any picketing, circulating or displaying of anything which is personally derogatory to or defamatory of the plaintiffs, or any of them, and from in any way interfering such as by boycott, with the business activities of those plaintiffs who have no connection with premises known as 320 West 17th Street, New York City". Insofar as the injunction protects persons with a past or present interest in the premises, it constitutes a prior restraint on liberties guaranteed by the First Amendment of the Constitution of the

United States. (*Organization for a Better Austin* v. *Keefe,* 402 U. S. 415.) However, no such First Amendment protection is afforded to defendants where their activities are directed toward those plaintffs with no interest in the premises but some of whom do have other businesses in the area. (*Cafeteria Union* v. *Angelos,* 320 U. S. 293, 295; *Nann* v. *Raimist,* 255 N. Y. 307, 317; *West Willow Realty Corp.* v. *Taylor,* 23 Misc 2d 867, 869.) As to these plaintiffs, defendants' activities should be enjoined. Concur — Stevens, P. J., Markewich, Nunez, Lane and Tilzer, JJ.