■ KURLAND CADILLAC-OLDSMOBILE, INC., Respondent, v EDWIN F. CABLE, Appellant. — In an action for a permanent injunction and monetary damages, defendant appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated September 25, 1980, which granted the plaintiff's motion for a preliminary injunction. Order modified, on the law, by adding thereto a provision that plaintiff shall give an undertaking in an amount to be fixed by Special Term after a hearing which shall be held for that purpose, unless the parties stipulate to an amount. As so modified, order affirmed, with $50 costs and disbursements to the plaintiff, and case remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith. Plaintiff has an Oldsmobile and Cadillac dealership. The defendant is the owner of an Oldsmobile Delta 88 automobile. It is undisputed in the record that the defendant neither purchased his vehicle from the plaintiff nor ever had it serviced at the plaintiff's dealership. Nevertheless, on August 4, 1980, the defendant parked his car across the street from the plaintiff's place of business and displayed on the vehicle a sign which read: "This car is a lemon." The lettering was distinguishable from distances in excess of 15 yards. In addition, lemons were painted on the vehicle and were clearly visible from many feet away. The defendant sat in his vehicle while it was so parked for two hours on three days of each of the ensuing two weeks. Plaintiff thereupon commenced this action seeking a permanent injunction and monetary damages. In our view, Special Term correctly granted a preliminary injunction to the plaintiff herein. Contrary to the defendant's contention, no right protected by the First Amendment

is at issue in this case. The defendant's conduct was directed exclusively at the plaintiff which, significantly, had no connection whatsoever with the defendant's vehicle. We conclude that Special Term was justified in finding that the defendant's actions over the two-week period were calculated to injure plaintiff's business and constituted an unjustified interference therewith. (Cf. *Segal v Wood,* 42 AD2d 548, 549; *West Willow Realty Corp. v Taylor,* 23 Misc 2d 867.) We find, however, that the granting of a preliminary injunction without provision for a suitable undertaking was improper. (See CPLR 6312, subd [b]; *Blumberg v Thomaston-Spruce Corp.,* 46 AD2d 671; *Rockland County Bldrs. Assn. v McAlevey,* 29 AD2d 975.) Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.