■ TROJAN ELECTRIC & MACHINE COMPANY, INC., et al., Respondents, v PAUL E. HEUSINGER et al., Appellants.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.) entered June 19, 1989 in Dutchess County, which granted plaintiffs' motion for a preliminary injunction.

Plaintiff Trojan Electric & Machine Company, Inc., of which plaintiff Warren V. Jaeger is president, is the sponsor and developer of a condominium project named Hampton Mews in the Town of La Grange, Dutchess County. On September 22, 1987, defendants Paul E. Heusinger and Phyllis M. Heusinger signed a contract to purchase a unit in Hampton Mews for the sum of $162,500, paid $18,500 as down payments and agreed to make application to a lending institution for a purchase-money mortgage, if needed, of not less than $144,000 for a term of not less than 30 years. The contract provided the developer-seller with an option to either grant a mortgage upon similar terms to the purchasers in the event of their inability to secure mortgage financing or to refund the down payments. Plaintiffs allege that although defendants repre-sented that they had secured a mortgage commitment, their applications for a mortgage were never completed. When defendants failed to close title to the condominium, plaintiffs declared a default and refused their demand for full refund of the $18,500. Thereafter, defendants began picketing in front of Hampton Mews carrying placards and signs which plaintiffs allege contained misleading, false and defamatory matter, and sought to discourage potential purchasers from visiting the project in an attempt to coerce plaintiffs to refund their down payments. Defendants' activities assumed an increasingly dis-ruptive and aggressive trend. Plaintiffs commenced this action to enjoin the picketing at the project and at Jaeger's personal residence and to recover compensatory and punitive damages. Supreme Court granted plaintiffs' motion for a preliminary injunction and restrained picketing in the vicinity of plaintiffs' business or home. Defendants have appealed, contending that the injunction is an impermissible restraint of their 1st Amendment rights; and that plaintiffs failed to establish their right to such relief.

Our analysis begins with a confrontation between the con-stitutional guarantee of freedom of speech and its restraint in the face of an offensive intrusion as part of coercive action upon a captive audience in a private dispute. While the guarantees of freedom of expression are not absolute barriers to prior restraint of speech under all circumstances, a heavy

burden is imposed to justify any infringement *(Nebraska Press Assn. v Stuart,* 427 US 539, 570). Moreover, expressions of pure opinion are especially protected *(Steinhilber v Alphonse,* 68 NY2d 283), as are expressions of speech made in the traditional public fora *(Frisby v Schultz,* 487 US 474). While equity will not intervene to restrain the publication of words on a mere showing of falsity, it may intervene where restraint becomes essential to the preservation of a business or other property rights threatened by tortious conduct in which the words are merely an instrument of and incidental to the conduct *(see, Nann v Raimist,* 255 NY 307, 317; *Wolf v Gold,* 9 AD2d 257; *see also, Goodwins, Inc. v Hagedorn,* 303 NY 300, 305). An injunction will lie to restrain libel when the publication is made as part and parcel of a course of conduct deliberately carried on to further a fraudulent or unlawful purpose *(see, Horne v Radiological Health Servs.,* 83 Misc 2d 446, 457, *affd* 51 AD2d 544).

In the instant case, Supreme Court found that defendants' conduct was reflective of the situation in *West Willow Realty Corp. v Taylor* (23 Misc 2d 867, *appeal dismissed* 10 AD2d 1002), in which the words and conduct of the defendant were obviously designed and put into effect for the purpose of intimidating the plaintiff and coercing settlement of a claim by adversely affecting its business venture. Here, the injunction is likewise to redress a private wrong and not to suppress public expression *(see, Organization for a Better Austin v Keefe,* 402 US 415, 418-419). The actions of defendants were calculated to injure plaintiffs' business and constitute an unjustified interference for which the preliminary injunction is justified *(see, Kurland Cadillac-Oldsmobile v Cable,* 83 AD2d 902, 903).

Moreover, defendants' actions intrude upon the private residences of owners of completed condominiums. Ten individuals, representing ownership of seven of the 10 occupied dwellings, submitted affidavits demonstrating the invasion of their privacy and quiet enjoyment of their homes, and the adverse impact on their investments as a result of defendants' activities. The devastating effect of targeted picketing on the quiet enjoyment of a home is beyond doubt and such offensive speech may be resisted when it intrudes upon a captive audience *(see, Frisby v Schultz, supra; see also, Walinsky v Kennedy,* 94 Misc 2d 121).

Here, Supreme Court has appropriately balanced defendants' right of free expression and the rights of plaintiffs to operate their lawful business without unjustified tortious in-

terference and coercion unrelated to any legitimate resolution of defendants' disputes *(see, Parkmed Co. v Pro-Life Counselling,* 91 AD2d 551, 552). The restraint was narrowly tailored, serving to eliminate only the exact private wrong at issue and leaving defendants free to otherwise express themselves or seek resolution of their dispute with plaintiffs.

Defendants' contentions that plaintiffs have failed to establish entitlement to a preliminary injunction is without merit. The parties' affidavits are diametrically opposed to each other, but regardless of how they are construed, it is clear that defendants' actions included the coercive use of defamation committed with the intent to injure plaintiffs' business. Furthermore, the signs are not expressions of defendants' pure opinion; rather, the words used imply the existence of specific justifiable bases in facts which are unknown to the reader *(Afftrex, Ltd. v General Elec. Co.,* 161 AD2d 855). The mere expression of thoughts, ideas, opinion and facts standing alone have not been enjoined.

Order affirmed, with costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.