■ NCN COMPANY, INC., Appellant, v KEVIN CAVANAGH et al., Respondents. [627 NYS2d 446] —In an action, *inter alia,* to permanently enjoin the defendant Kevin Cavanagh from using proprietary information he obtained while employed as the managing officer of the plaintiff, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 3, 1994, which denied its motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

On a motion for a preliminary injunction, the burden of proof is on the movant to show that success on the merits is likely in the action, that irreparable injury will occur unless the injunction is granted, and that the balance of equities is in the movant's favor *(see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Grant Co. v Srogi,* 52 NY2d 496; *Koursiaris v Astoria N. Dev.,* 143 AD2d 639; *Barone v Frie,* 99 AD2d 129). In applying these principles to the instant case, it is clear that the court did not err in denying the plaintiff's motion for a preliminary injunction *(see, County of Orange v Lockey,* 111 AD2d 896, 897).

It is well established that in the absence of a restrictive covenant not to compete, "an employee is free to compete with his or her former employer unless trade secrets are involved or fraudulent methods are employed" *(Walter Karl, Inc. v Wood,* 137 AD2d 22, 27; *also, Zurich Depository Corp. v Gilenson,* 121 AD2d 443, 444; *Catalogue Serv. v Henry,* 107 AD2d 783, 784).

Here, the plaintiff's moving papers failed to show that its customer lists were of such a nature that they were entitled to trade-secret protection. Moreover, the plaintiff failed to clearly establish that the defendants were utilizing protected proprietary information or that the defendant Kevin Cavanagh had misappropriated the plaintiff's property or copied the plaintiff's customer lists. Under these circumstances, the plaintiff was not entitled to a preliminary injunction *(see, Walter Karl, Inc. v Woods, supra; Catalogue Serv. v Henry, supra).*

We have examined the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.