■ Benjamin V. Lambert, Appellant, v Elizabeth W. Williams, Respondent. [631 NYS2d 31] —Order, Supreme Court, New

York County (Leland DeGrasse, J.), entered on or about July 14, 1994, which, *inter alia*, denied plaintiff's motion for leave to renew and reargue his prior motion, and denied his request for leave to supplement the complaint with an additional cause of action for a permanent injunction, is unanimously reversed, on the law and the facts, without costs, and leave is granted to amend the complaint in the form annexed to the moving papers. Appeal from the order, same court and Justice, entered on or about January 19, 1994, which, *inter alia*, denied plaintiff's motion for a preliminary injunction and leave to amend the complaint, is dismissed as moot and as superseded by the appeal from the renewal motion.

Plaintiff Benjamin Lambert and defendant Elizabeth W. Williams met in 1986 or 1987 and dated briefly. On March 27, 1988, defendant gave birth to a son, and she informed plaintiff that she believed him to be the father. On June 21, 1990, the parties entered into an agreement (the "Agreement") pursuant to Family Court Act § 516 under which plaintiff agreed to pay defendant $250,000 for the child's support, education and welfare. The Agreement, which was approved by Family Court Judge Eileen Schnabel, further provides that defendant and the child are barred from seeking any other remedy against plaintiff.

Defendant contacted plaintiff several months later and, allegedly, commenced a course of conduct calculated to obtain more money from him. Plaintiff accuses defendant of invading his privacy and that of his family by calling and writing repeatedly. Plaintiff also avers that defendant began bothering his mother by trailing her throughout the neighborhood, pretending to inadvertently run into her at the store or hairdresser, dropping by her apartment and announcing that the mother's grandson was visiting, and sending the mother pictures of the child and numerous notes. Plaintiff contends that defendant's behavior upset and humiliated his mother, who is in her 80's and not in good health.

Defendant maintains that plaintiff induced her into the Agreement by re-establishing a sexual relationship with her and then promising to play a continued part in the child's life, both financially and emotionally. Defendant asserts that plaintiff suddenly recanted when he met another woman, whom he subsequently married. Defendant also asserts that she subsequently discovered that plaintiff had misrepresented his finances and that the Agreement was, therefore, seriously inadequate to support the child in the manner to which he would be entitled.

Plaintiff commenced the within action on or about June 15, 1993 seeking enforcement of the Agreement and damages for both breach of the Agreement and intentional infliction of emotional distress. Defendant counterclaimed for child support and a judgment declaring Family Court Act § 516 invalid.

In November 1993, plaintiff moved: for a preliminary injunction enjoining defendant from communicating in any way with plaintiff and his family; for leave to amend the complaint to increase the ad damnum clause; and to add a cause of action permanently enjoining defendant from communicating with plaintiff and his family. Pending determination of the motion, plaintiff was awarded a temporary restraining order.

By decision dated January 18, 1994, the IAS Court permitted the amendment to the damages clause, denied the preliminary injunction, and denied leave to add the cause of action for an injunction, holding that it was overbroad and vague, would constitute an improper prior restraint on defendant's right of free speech, and because plaintiff's mother was not a party to the action.

By consolidated motion dated February 2, 1994, plaintiff moved to renew and reargue the court's decision, for leave to amend the complaint to add his mother as a plaintiff, and to change the language of the proposed preliminary and permanent injunctions. By decision and order entered July 14, 1994, the IAS Court denied leave to renew and reargue that part of the prior motion which sought a preliminary injunction and leave to supplement the complaint with a cause of action for a permanent injunction, denied leave to amend the language of the proposed preliminary and permanent injunctions, and granted leave to add plaintiff's mother as a plaintiff. Plaintiff appeals that part of both orders which denied leave to amend the complaint to add a cause of action for an injunction and we now reverse.

Initially we note that the IAS Court in denying plaintiff leave to add the cause of action for injunctive relief due to lack of merit has, in effect, decided that no injunction could ever be granted to plaintiff under the circumstances as presented herein. This ruling was erroneous and contradicts the court's prior decision to issue a temporary restraining order. The court further mischaracterized plaintiff's second motion as merely repetitive as plaintiff proposed a new, more narrowly worded injunction and obtained permission to add his mother as a plaintiff in direct response to the grounds upon which the court denied the initial motion. In any event, the requirement that new facts be presented to support a motion to renew (CPLR

2221) need not be applied to defeat substantive fairness (*Watt-son v TMC Holdings Corp.*, 135 AD2d 375, 377-378). Considering that the court had previously granted a more broadly worded restraining order, and that defendant did not oppose the proposed amendment on any grounds, plaintiff had an adequate excuse for failing to propose the more narrowly tailored language in the initial motion. Consequently, renewal was appropriate.

Upon renewal, the IAS Court should have granted plaintiff leave to amend the complaint to add a cause of action for injunctive relief. It is well-settled law that leave to amend should be freely granted (CPLR 3025 [b]) provided there is no prejudice to the non-moving party and that the amendment is not plainly lacking in merit (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170; *Bank Leumi Trust Co. v D'Evori Intl.*, 163 AD2d 26, 28).

Contrary to the IAS Court's findings, not all injunctions which may incidentally affect expression are impermissible prior restraints (*Madsen v Women's Health Ctr.*, 512 US —, —, n 2, 114 S Ct 2516, 2524, n 2) and narrowly tailored reasonable time, place and manner regulations may be imposed to further significant government interests when they do not regulate the content of speech and leave open alternate means of communication (*see, Grayned v City of Rockford*, 408 US 104).

In the matter before us, defendant's behavior implicates significant government interests, including maintaining the sanctity of the home (*Frisby v Schultz*, 487 US 474, 487 ["First Amendment permits the government to prohibit offensive speech as intrusive when the 'captive' audience cannot avoid the objectionable speech"], quoting *Consolidated Edison Co. v Public Serv. Commn.*, 447 US 530, 542; *Trojan Elec. & Mach. Co. v Heusinger*, 162 AD2d 859), and the right to be free from mental disturbance and harassment (*Bingham v Struve*, 184 AD2d 85, 89; *Angel v Levittown Union Free School Dist. No. 5*, 171 AD2d 770, 772).

"The devastating effect of targeted picketing on the quiet enjoyment of a home is beyond doubt and such offensive speech may be resisted when it intrudes upon a captive audience" (*Trojan Elec. & Mach. Co. v Heusinger, supra*, at 860; *Frisby v Schultz, supra*).

Since plaintiff's moving papers adequately assert facts implicating the aforementioned governmental interests, leave to amend should have been granted. Concur—Murphy, P. J., Rosenberger, Williams and Tom, JJ.