■ ANSONIA ASSOCIATES LIMITED PARTNERSHIP, Respondent, v ANSONIA TENANTS' COALITION, INC., et al., Appellants. [677 NYS2d 575] —Order, Supreme Court, New York County (David Saxe, J.), entered September 6, 1996, which granted plaintiff's motion for a preliminary injunction and denied defendants' cross motion to dismiss the complaint and for summary judgment upon their claims for compensatory and punitive damages, attorneys' fees and costs pursuant to CPLR 8303-a and Civil Rights Law § 70 *et seq.*, unanimously affirmed, with costs.

The order enjoining defendants and all persons acting on

their behalf or in concert with them "from interfering with plaintiff's business by approaching, accosting, initiating communications with, distributing written communications to, or otherwise disturbing visitors to the Ansonia for the purpose of discouraging sales or rentals of apartments at the Ansonia" was not an improvident exercise of discretion. We agree with the IAS Court that defendants' conduct was not protected speech but merely an instrument of and incidental to wrongful conduct (*see*, *Trojan Elec. & Mach. Co. v Heusinger*, 162 AD2d 859, 860), calculated to injure plaintiff's business and interfere with the condominium owners' recognized interest in residential privacy (*supra*; *see also*, *Lambert v Williams*, 218 AD2d 618, 621). We note in addition that the relief was narrowly tailored to proscribe only offensive conduct directed at persons about to enter the private confines of the Ansonia.

The IAS Court also correctly concluded that plaintiff's action is not a SLAPP (strategic lawsuit against public participation) suit (Civil Rights Law § 76-a [1] [a]; *Bell v Little*, 250 AD2d 485; *Harfenes v Sea Gate Assn.*, 167 Misc 2d 647, 650-651), that it is not frivolous (CPLR 8303-a; *see*, *Matter of Entertainment Partners Group v Davis*, 198 AD2d 63), and that the documentary evidence did not definitively dispose of the matter (*see*, *Fischbach & Moore v Howell Co.*, 240 AD2d 157). We have considered defendants' other contentions and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Mazzarelli and Andrias, JJ.