In an action to recover damages for tortious interference with prospective business relations, the intervener, El Puente de Williamsburg, Inc., appeals from (1) an order of the Supreme Court, Kings County (Dowd, J.), dated April 12, 2002, which denied its motion for leave to serve a second amended complaint, and (2) an order of the same court dated May 1, 2002, which, in effect, granted the defendants’ motion pursuant to CPLR 4401 made at the close of its case to dismiss its complaint for failure to establish a prima facie case.
Ordered that the appeal from the order dated April 12, 2002, is dismissed, as abandoned (see 22 NYCRRR 670.8 [c], [e]); and it is further,
Ordered that the order dated May 1, 2002, is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondents.
In August 1994 the decedent, William Muschel entered into a contract to sell certain property in the Williamsburg section of Brooklyn to the plaintiff South Fourth Street Properties, Inc. (hereinafter South Fourth Street). However, the two parties never went to closing. Over two years later, in November of 1996, South Fourth Street contracted to sell the property to El Puente de Williamsburg, Inc. (hereinafter El Puente), subject to South Fourth Street obtaining title from Muschel. Muschel refused to close, claiming that South Fourth Street had abandoned the contract. South Fourth Street commenced the instant action seeking specific performance and/or money dam *348 ages, and El Puente subsequently was granted leave to intervene as a plaintiff and asserted a cause of action to recover damages for tortious interference with prospective business relations against Muschel. Muschel died, and South Fourth Street eventually settled its claim against his estate.
To succeed on its cause of action, El Puente was required to demonstrate that Muschel used unlawful or improper means to interefere with its contract with South Fourth Street, or acted for the sole purpose of inflicting intentional harm on El Puente (see NBT Bancorp v Fleet/Norstar Fin. Group, 215 AD2d 990, 990-991 [1995], affd 87 NY2d 614 [1996]; Bogdan v Peekskill Community Hosp., 211 AJD2d 692, 693 [1995]). There is no allegation that Muschel used unlawful or improper means to interefere with the contract, and El Puente’s evidence established, at best, only that Muschel’s conduct had been financially motivated (see Strasser v Prudential Sec., 218 AD2d 526, 527 [1995]). Accordingly, the Supreme Court properly determined that El Puente failed to sustain its burden of proof.
El Puente’s remaining contentions are without merit. Santucci, J.P, S. Miller, McGinity and Schmidt, JJ., concur.