PEARLGREEN CORP., Respondent, v YAU CHI CHU, et al., Appellants. [778 NYS2d 516]—

In an action, inter alia, to recover damages for misappropriation of trade secrets, the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), entered July 29, 2003, which granted the plaintiff's motion for a preliminary injunction, inter alia, prohibiting them from soliciting the plaintiff's customers.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff commenced this action for permanent injunctive relief and damages alleging that the defendants, its former employees, misappropriated trade secrets and, among other things,

engaged in unfair competition. The plaintiff moved for a preliminary injunction, inter alia, prohibiting the defendants from soliciting its customers. The defendants submitted opposition papers and their attorney appeared to argue the motion. The parties were directed to discuss a possible settlement, after which the defendants' attorney did not appear for a second calendar call. The Supreme Court granted the motion.

While the parties characterize the order as one entered on default, in fact, the motion was decided after the Supreme Court reviewed the opposition papers submitted by the defendants. The order enumerates those papers and discusses the plaintiff's and the defendants' contentions. Consequently, the order was not entered on default and, therefore, is an appealable order (see CPLR 5511).

A party seeking a preliminary injunction must demonstrate a likelihood of success on the merits, irreparable injury absent injunctive relief, and a balancing of the equities in its favor (see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; NCN Co. v Cavanagh, 215 AD2d 737 [1995]). Since the plaintiff failed to establish a likelihood of success, the Supreme Court should have denied its motion.

Contrary to the plaintiff's contention, it did not demonstrate that the defendants were bound by a nonsolicitation agreement. In the absence of a restrictive covenant, an employee may freely compete with a former employer "unless trade secrets are involved or fraudulent methods are employed" (Walter Karl, Inc. v Wood, 137 AD2d 22, 27 [1988]; see Starlight Limousine Serv. v Cucinella, 275 AD2d 704, 705 [2000]; NCN Co. v Cavanagh, supra). The plaintiff's allegations that certain customer information constituted trade secrets and that the defendants misappropriated or copied customer lists were refuted by the defendants. Given the sharply disputed issues of fact, the plaintiff was not entitled to a preliminary injunction (see NCN Co. v Cavanagh, supra; Walter Karl, Inc. v Wood, supra; Zurich Depository Corp. v Gilenson, 121 AD2d 443 [1986]). Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.