■ DATA-TRACK ACCOUNT SERVICES, INC., et al., Respondents-Appellants, v CURTIS W. LEE, Appellant-Respondent. [796 NYS2d 206]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered April 16, 2003. The order, among other things, held defendant in civil and criminal contempt for multiple violations of seven orders, permanently enjoined defendant from engaging in certain conduct and sentenced defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the eighth ordering paragraph and as modified the order is affirmed without costs.

Memorandum: On a prior appeal in this action, we affirmed an order that, inter alia, granted that part of plaintiffs' motion for a permanent injunction enjoining defendant from disclosing confidences and secrets he obtained during his employment as an attorney for plaintiffs (*Data-Track Account Servs. v Lee*, 291 AD2d 827 [2002], *lv dismissed* 98 NY2d 727 [2002], *rearg denied* 99 NY2d 532 [2002]). That order described the material protected from disclosure as "Plaintiffs' Property," which was defined as "any and all records, documents and confidential or secret information . . . that were obtained by, prepared by, or became known to defendant as a result of his employment by plaintiffs or his internal and external complaints . . . , except those items which are specifically identified in . . . [the] [o]rder . . . that are also publicly[ ] available and acquired by defendant in his role as a shareholder or [ratepayer]." Defendant now appeals and plaintiffs cross-appeal from an order holding defendant in civil and criminal contempt for multiple violations of seven orders of Supreme Court, permanently enjoining defendant from engaging in certain conduct and sentencing defendant to, inter alia, 300 hours of community service. In particular, the order appealed from, in its eighth ordering paragraph, enjoins defendant "from disclosing, disseminating, copying, distributing, extracting or compiling information from, or otherwise using any records, documents or information regarding [plaintiffs] or his former employment with [plaintiffs], except to the extent that any such activity relates exclusively to (a) his gas bills, (b) his utility service, (c) his . . . retirement benefits, or (d) this action (but only as necessary to defend himself in this action to the extent that defendant fully complies with the court's injunctive, sealing and protective orders)."

We agree with defendant that the eighth ordering paragraph places an unconstitutional prior restraint on defendant's

freedom of speech. While a prior restraint on speech, such as an injunction, may be obtained "where restraint becomes essential to the preservation of a business or other property rights threatened by tortious conduct in which the words are merely an instrument of and incidental to the conduct" (*Trojan Elec. & Mach. Co. v Heusinger*, 162 AD2d 859, 860 [1990]) and are calculated to injure a party's property or interfere with a recognized interest in privacy (*see Ansonia Assoc. Ltd. Partnership v Ansonia Tenants' Coalition*, 253 AD2d 706, 707 [1998]), in this instance the order goes beyond what is necessary to protect "Plaintiffs' Property" from injury or interference by defendant. The language in the prior order, which remains in effect pursuant to the seventh ordering paragraph of the order appealed from, adequately protects plaintiffs from disclosure of information that defendant acquired through his employment as plaintiffs' attorney. We therefore modify the order appealed from by vacating the eighth ordering paragraph.

We further conclude that the court improperly sentenced defendant to 300 hours of community service and a course of psychiatric treatment. Judiciary Law § 751 (1) provides that punishment for criminal contempt "may be by fine, not exceeding one thousand dollars, or by imprisonment, not exceeding thirty days, . . . or both, in the discretion of the court." Judiciary Law § 770 similarly authorizes a fine, imprisonment or both as punishment for civil contempt. Thus, the court was without authority under the Judiciary Law to impose a sentence including community service and psychiatric treatment for either civil or criminal contempt (*see Pitterson v Watson*, 299 AD2d 467, 468 [2002]; *Couture v Garland*, 105 AD2d 1158, 1159 [1984], *appeal dismissed* 64 NY2d 1040 [1985]). However, given that defendant has apparently satisfied those parts of his sentence, any issue with respect to them is now moot (*see People v Allen*, 7 AD3d 880, 881 [2004]; *People v Meli*, 142 AD2d 938, 939 [1988], *lv denied* 72 NY2d 921 [1988]; *see also People v Benson*, 6 AD3d 1173 [2004], *lv denied* 3 NY3d 636 [2004]).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. Present—Pigott, Jr., P.J., Gorski, Pine and Lawton, JJ.