■ HUNTINGDON LIFE SCIENCES, INC., et al., Respondents, v STOP HUNTINGDON ANIMAL CRUELTY, Also Known as SHAC, et al., Defendants, and LAUREN GAZZOLA, Appellant. [811 NYS2d 109]—

In an action, inter alia, to enjoin the defendants from engaging in protest activity which constitutes a private nuisance, the defendant Lauren Gazzola appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered May 14, 2004, which denied her motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

Accepting the allegations in the complaint as true, and according the plaintiffs every possible favorable inference, as we must on this motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 151-152 [2002]; *Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]), the complaint states a cause of action against the defendant Lauren Gazzola alleging tortious interference with the prospective business relationship between the plaintiff Huntingdon Live Sciences, Inc., and the plaintiff Mark L. Bibi, and alleging the creation of a private nuisance.

There is no merit to Gazzola's argument that the only specific

allegations against her in the complaint merely accuse her of engaging in conduct protected by the First Amendment to the United States Constitution. To the contrary, the allegations concerning her involvement in, among other things, a targeted picket of Bibi's residence, support the causes of action asserted in the complaint (*see Trojan Elec. & Mach. Co. v Heusinger,* 162 AD2d 859, 859-860 [1990]; *Parkmed Co. v Pro-Life Counselling,* 91 AD2d 551, 552 [1982]; *Kurland Cadillac-Oldsmobile v Cable,* 83 AD2d 902 [1981]; *Walinsky v Kennedy,* 94 Misc 2d 121 [1977]; *cf. Ansonia Assoc. Ltd. Partnership v Ansonia Tenants' Coalition,* 253 AD2d 706 [1998]; *Lambert v Williams,* 218 AD2d 618, 621 [1995]; *Bingham v Struve,* 184 AD2d 85 [1992]; *but cf. Rosenberg Diamond Dev. Corp. v Appel,* 290 AD2d 239 [2002]). Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.