[821 NYS2d 682]

In the Matter of CURTIS W. LEE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 7, 2006

## APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Associate Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*W. Ross Scott*, Andover, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1981, and was formerly employed as a staff attorney for National Fuel Gas Company (NFG). The Grievance Committee filed an amended petition charging respondent with acts of misconduct, including engaging in illegal conduct, arising from his conduct as a pro se litigant in an action commenced against him by NFG. Respondent filed an answer admitting the factual allegations of the petition.

Respondent has admitted that, following the termination of his employment with NFG and in violation of court orders obtained by NFG, he disclosed to news media, directors and officers of various governmental agencies and law enforcement agencies certain confidences and secrets learned during the course of his employment. He has further admitted that, notwithstanding an order of Supreme Court holding him in civil contempt of court for those improper disclosures, he continued to make disclosures of confidential information of NFG, resulting in an order of Supreme Court holding respondent in civil and criminal contempt. In the two contempt proceedings, Supreme Court found that respondent had violated prior court orders a total of 83 times; the findings of civil and criminal contempt were upheld on appeal by this Court (*Data-Track Account Servs., Inc. v Lee*, 17 AD3d 1115 [2005], *lv dismissed* 5 NY3d 849 [2005]; *Data-Track Account Servs. v Lee*, 291 AD2d 827 [2002], *lv dismissed* 98 NY2d 727 [2002], *rearg denied* 99 NY2d 532 [2002]).

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 4-101 (b) (1) (22 NYCRR 1200.19 [b] [1])—knowingly revealing a confidence or secret of a client;

DR 4-101 (b) (2) (22 NYCRR 1200.19 [b] [2])—knowingly using a confidence or secret of a client to the disadvantage of the client; and

DR 7-106 (a) (22 NYCRR 1200.37 [a])—disregarding a ruling of a tribunal made in the course of a proceeding.

We have considered the mitigating factors submitted by respondent, including that he is in failing health and that he has retired from the practice of law. Additionally, we have considered that the improper disclosures by respondent occurred in the context of civil litigation commenced by his former employer in which he was a pro se litigant. Finally, we note that respondent had a sincere, although misguided, belief that the disclosures were necessary and appropriate, and he has already incurred fines and sanctions in excess of $500,000. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and SMITH, JJ., concur.

Order of censure entered.