■ INGENUIT, LTD., et al., Respondents, v MICHAEL HARRIFF, Appellant. [822 NYS2d 301]—

In an action, inter alia, to recover damages for breach of an employment contract, the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated January 30, 2006, which granted the plaintiffs' motion for a preliminary injunction enjoining the defendant from soliciting the plaintiffs' clients and utilizing the plaintiffs' trade secrets and proprietary information.

Ordered that the order is modified, on the facts, by adding thereto, after the words "soliciting clients of either of the plaintiffs," the words "until July 15, 2006;" as so modified, the order is affirmed, with costs to the plaintiffs.

In order to establish their entitlement to a preliminary injunction, the plaintiffs were required to demonstrate (1) a likelihood of success on the merits, (2) irreparable injury absent the grant of such preliminary injunctive relief, and (3) a balance of the equities favoring its position (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *Manhattan Real Estate Equities Group LLC v Pine Equity, NY, Inc.*, 16 AD3d 292 [2005]; *Battenkill Veterinary Equine v Cangelosi*, 1 AD3d 856, 857 [2003]; *Bollengier v Gulati*, 233 AD2d 721 [1996]).

The plaintiffs allege that the defendant breached two employment contracts that each contained a promise that he would not solicit their clients for a period of one year following the termination of his employment relationship with them. Al-

though the plaintiffs were entitled to a preliminary injunction, the Supreme Court should have provided that the provision of the preliminary injunction that enjoined the defendant from soliciting the plaintiffs' clients expired on July 15, 2006, which is one year after the defendant left the plaintiffs' employment.

Nonetheless, the plaintiffs demonstrated a likelihood of success on their causes of action sounding in unfair competition and misappropriation of trade secrets and proprietary information (*see Town & Country House & Home Serv. v Newbery*, 3 NY2d 554 [1958]; *cf. Pearlgreen Corp. v Yau Chi Chu*, 8 AD3d 460 [2004]; *Walter Karl, Inc. v Wood*, 137 AD2d 22, 27 [1988]; *Greenwich Mills Co. v Barrie House Coffee Co.*, 91 AD2d 398, 402 [1983]), as well as their cause of alleging tortious interference with prospective business relations, arising from the defendant's wrongful conduct (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190-191 [2004]; *see Huntingdon Life Sciences, Inc. v Stop Huntingdon Animal Cruelty*, 27 AD3d 420 [2006]; *Jim Ball Chrysler LLC v Marong Chrysler-Plymouth, Inc.*, 19 AD3d 1094, 1095 [2005]; *South Fourth St. Props. v Muschel*, 1 AD3d 347, 348 [2003]).

Because the plaintiffs have made a showing, inter alia, that they would be irreparably harmed if the defendant is permitted to continue utilizing proprietary information he could only have ascertained by wrongful appropriation of the plaintiffs' computer files, the Supreme Court properly granted that branch of the plaintiffs' motion which was for a preliminary injunction enjoining the defendants from utilizing the plaintiffs' trade secrets and proprietary information (*see Zellner v Stephen D. Conrad, M.D., P.C.*, 183 AD2d 250 [1992]; *cf. Carvel Corp. v Rait*, 117 AD2d 485 [1986]). Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.