■ HELMSLEY-SPEAR, INC., et al., Respondents, v MICHAEL FISHMAN, as President of SEIU, et al., Appellants. [872 NYS2d 1]—

Initially, we find that plaintiffs made out a cause of action for

private nuisance. The Court of Appeals decision on November 24, 2008 was premised on the fact that the complaint alleged a cause of action for private nuisance. This is made clear in the opening sentences of the decision: "The issue on this appeal is whether *plaintiffs' private nuisance cause of action* is preempted by the National Labor Relations Act (NLRA). We hold that it is not" (11 NY3d 470, 472 [2008] [emphasis added]). The Court, in discussing whether federal law preempted plaintiffs' action, also held: "The tort of *private nuisance,* much like the tort of trespass, has historically been governed by state law" (*id.* at 476 [emphasis added]). There are other references, both explicit and implicit, which show that the Court of Appeals viewed this cause of action for private nuisance to be viable and sustainable. We further hold that the present action does not concern a "labor dispute" as that term is defined in Labor Law § 807 (10) (c): "The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, or concerning employment relations, or any other controversy arising out of the respective interests of employer and employee, regardless of whether or not the disputants stand in the relation of employer and employee."

As between the parties to this litigation, none of the elements that go into defining "labor dispute" are present. The issues as between these parties are litigated against the backdrop of a genuine labor dispute taking place between defendants here and nonparty Copstat Security, LLC, but are not, in and of themselves, part of that dispute.

Indeed, the Court of Appeals recognized that tort actions generally fall outside the ambit of labor disputes. Citing *Sears, Roebuck & Co. v Carpenters* (436 US 180, 205 [1978]), where the issue involved the tort of trespass, the Court of Appeals held, "Just as trespass, as found in *Sears,* 'is far more likely to be unprotected than protected" under the NLRA, "so, too, is the tort of private nuisance" (11 NY3d at 475). In such cases, in order for section 807 to come into play, the party must be a person or association "participating or interested in a labor dispute," i.e., a party or association against whom "relief is sought against him or it and if he or it is engaged in the industry, trade, craft or occupation in which such dispute occurs, or is a member, officer or agent of any association of employers or employees engaged in such industry, trade, craft or occupation" (§ 807 [10] [b]). Regarding section

807 (10) (c), plaintiffs, who are building owners and unrelated businesses, do not even arguably fall into any of those categories that would make them either participants or parties interested in a labor dispute as defined by statute.

Plaintiffs have alleged and sustained an independent tort. The complaint alleges defendants' drum banging was unreasonably disruptive and constituted a private nuisance. The motion court logically found, inter alia, that the banging "adversely affected productivity, efficiency and morale of On Location and Northpoint employees situated directly opposite the [Empire State Building]"; that "greater injury will be inflicted upon [plaintiffs] by the denial [of the preliminary injunction] than will be inflicted upon [union defendants] by the granting thereof"; and that enjoining "the banging racket will not directly or indirectly foreclose the Union from its organizing activities and getting its message across to Helmsley, Copstat, ESB tenants, ESB visitors or anyone else willing to listen." The injunction, moreover, only enjoined the continuation of the drum banging; it did not, in any way, limit defendants' ability to continue their picketing, leaflet distribution or holding a rally, which in fact was held.

As plaintiffs are neither participating nor interested in the labor dispute between defendants and Copstat, and as the action before us does not constitute a labor dispute, Labor Law § 807 simply does not apply. The motion court, therefore, properly issued the injunction. Concur—Gonzalez, J.P., Williams, Sweeny and Catterson, JJ. [*See* 12 Misc 3d 1151(A), 2006 NY Slip Op 50855(U).]