■ HUNTINGDON LIFE SCIENCES, INC., et al., Respondents, v STOP HUNTINGDON ANIMAL CRUELTY, Also Known as SHAC, et al., Defendants, and LAUREN GAZZOLA et al., Appellants. [896 NYS2d 440]—

In an action, inter alia, to permanently enjoin the defendants from engaging in protest activity which constitutes a private nuisance, (1) the defendants Lauren Gazzola and Kevin Kjonaas, also known as Kevin Jonas, appeal from a decision of the Supreme Court, Westchester County (Colabella, J.), entered May 6, 2008, and (2) the defendant Lauren Gazzola appeals, as limited by her brief, from so much of an order of the same court dated June 30, 2008, as denied her motion, made jointly with the defendant Kevin Kjonaas, also known as Kevin Jonas, to dismiss the complaint insofar as asserted against her, granted that branch of the plaintiffs' cross motion which was for summary judgment as against her, and permanently enjoined her, inter alia, from engaging in protest activity around the premises of the plaintiff Mark L. Bibi.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]), and, in any event, the appeal by the defendant Kevin Kjonaas, also known as Kevin Jonas, must be dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied the motion of the appellant Lauren Gazzola (hereinafter the appellant), made jointly with the defendant Kevin Kjonaas, also known as Kevin Jonas, to dismiss the complaint insofar as asserted against her. Contrary to the appellant's contention, the evidence of her incarceration did not, by itself, render so much of the complaint as sought a permanent injunction academic or warrant the dismissal of the complaint as to her (see generally Meccariello v Meccariello, 46 AD3d 640, 642 [2007]; see also CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]).

The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law for the issuance of a permanent injunction against the appellant based on the evidence of, inter alia, the appellant's participation in a targeted protest at the home of the plaintiff Mark L. Bibi, in conjunction with the evi-

dence of the appellant's federal conviction of crimes including conspiracy to violate the Animal Enterprise Protection Act of 1992 (18 USC § 43). In opposition, the appellant failed to submit any evidentiary proof refuting that prima facie showing. Consequently, the Supreme Court properly awarded permanent injunctive relief against the appellant (*see Long Is. Gynecological Servs. v Murphy*, 298 AD2d 504, 505 [2002]; *see also Trojan Elec. & Mach. Co. v Heusinger*, 162 AD2d 859, 860-861 [1990]; *Parkmed Co. v Pro-Life Counselling*, 91 AD2d 551, 552 [1982]; *cf. Helmsley-Spear, Inc. v Fishman*, 57 AD3d 455, 455-456 [2008]; *Kurland Cadillac-Oldsmobile v Cable*, 83 AD2d 902, 902-903 [1981]). In addition, the injunction imposed reasonable and constitutionally permissible restrictions on protest activity (*see Parkmed Co. v Pro-Life Counselling*, 91 AD2d at 552-553; *see also Ansonia Assoc. Ltd. Partnership v Ansonia Tenants' Coalition*, 253 AD2d 706, 706-707 [1998]). Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.