## A. WALKER BINGHAM III et al., Appellants, v CATHERINE T.A. STRUVE, Respondent.

First Department, December 8, 1992

### APPEARANCES OF COUNSEL

*Richard F. Markert* of counsel *(Jonathan S. Sanoff* and *Jane Drummey* with him on the brief; *Whitman & Ransom,* attorneys), for appellants.

*David Otis Fuller, Jr.,* of counsel *(Baker, Nelson & Williams,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

■ ■ Plaintiffs, A. Walker Bingham III and his wife, Nicolette P. Bingham, commenced this action on or about February 7, 1991, seeking a permanent injunction and money damages for alleged libel and intentional infliction of emotional distress. For the reasons that follow, we modify the orders of the IAS Court to the extent of granting plaintiffs' motion for a preliminary injunction and directing in camera inspection and conditional discovery of defendant's divorce records.

This litigation arose from the repeated oral and written communications of defendant, Catherine T.A. Struve, to plaintiffs' family members, business associates, neighbors, and former colleagues, which charge, *inter alia,* that plaintiff husband raped her in 1953, when she was a 19-year-old librarian, and he a 24-year-old first-year law student, at Harvard Law School. The allegedly libelous communications, which started in or about December 1989 with letters and telephone calls, took a new form in August 1991, when defendant began to picket in front of plaintiffs' apartment building in Manhattan. The hand-lettered sandwich board which she wore on these almost daily occasions proclaimed as follows:

"ATTENTION

RESIDENTS

OF

19 EAST 72ND ST.

A. WALKER BINGHAM 3

RAPED ME

AND IS NOW

SUING ME FOR

LIBEL"

It is undisputed that plaintiff husband and defendant had a youthful affair, which commenced in 1953 and ended in 1955, and that for the next 30 years they lived separate lives. Defendant married in 1965, had two children, and was divorced in 1984. Plaintiff husband was also married, first in the 1950's, which marriage ended in divorce, and then to plaintiff wife in 1967. He has three children.

After a chance encounter between plaintiff husband and defendant in 1983, a second affair began and lasted until 1989 when, defendant contends, the memory of the alleged rape, which she had repressed for 36 years, was unlocked. Defendant states that she then realized that this was why she had been depressed and dysfunctional for years, and that it accounted for her inability to pursue a career and succeed in her marriage. It is defendant's further claim that, by publicizing her charges against plaintiff husband, she will be able to come to terms with the traumatic event and heal emotionally, a process that requires an admission of guilt and expression of remorse from plaintiff husband.

The law is well established that a party seeking preliminary injunctive relief must demonstrate a likelihood of ultimate success on the merits, irreparable harm in the absence of injunctive relief and a weighing of equities in his favor (*Little India Stores v Singh*, 101 AD2d 727, 728; *Bashein v Landau*, 96 AD2d 479). A judicial determination regarding likelihood of success on the merits does not, as the IAS Court stated, amount to a predetermination of the issues. Rather, "the showing of a *likelihood* of success * * * must not be equated with the showing of a *certainty* of success" on the merits (*Tucker v Toia*, 54 AD2d 322, 326; *Parkmed Co. v Pro-Life Counseling*, 91 AD2d 551, 553).

■ Here, the undisputed evidence was sufficient to demonstrate a likelihood of plaintiffs' ultimate success. Plaintiffs established a prima facie case of libel on the merits, since the offending statements injure plaintiff husband's reputation and good name, and otherwise expose him to "public contempt, scorn, obloquy, ridicule, shame or disgrace", and "induce an evil opinion of him in the minds of right-thinking persons" *(Lawlor v Gallagher Presidents' Report,* 394 F Supp 721, 726 [SDNY 1975], *remanded* 538 F2d 311 [2d Cir 1976]; *Privitera v Town of Phelps,* 79 AD2d 1, 3). In contrast, defendant's charge of a 38-year-old rape is unsupported by any objective evidence or corroborating testimony, as is, necessarily, its accompanying claim of repressed memory. Indeed, the allegation of rape is seriously challenged by the *undisputed* fact that the 1953 affair continued for two years after its occurrence, and that defendant had a second, six-year affair with plaintiff husband 30 years later.

Further, defendant's credibility is likely to be hampered by the shocking and, again, unsupported accusations of a sexual nature with which she has impugned the morals of plaintiff husband's 89-year-old mother and plaintiff wife, and by the various contradictions contained in documents authored by defendant, including a claim that she bore plaintiff husband's child in the 1950's, and a subsequent denial that she had ever made such a claim.

■ Defendant's attempt to continue her offending communications as protected free speech under the First Amendment and its New York State Constitution analogue, article I, § 8, must fail. Constitutional free speech protections are intended to encourage "debate on public issues [that is] uninhibited, robust, and wide-open" *(New York Times Co. v Sullivan,* 376 US 254, 270). Distinctions are drawn where, as here, the defamatory speech does not advance such societal interests and, indeed, concerns a private individual *(Gertz v Robert Welch, Inc.,* 418 US 323, 344). Moreover, these protections are not absolute *(Nebraska Press Assn. v Stuart,* 427 US 539, 570). As noted in *Gitlow v New York* (268 US 652, 666), "the freedom of speech * * * secured by the Constitution, does not confer an absolute right to speak or publish, without responsibility, whatever one may choose" *(see also, Angel v Levittown Union Free School Dist. No. 5,* 171 AD2d 770, 772).

■ In assessing plaintiffs' entitlement to a preliminary injunction, we have further concluded that the potential harm

caused by defendant's continued communications and the picketing of plaintiffs' home is irreparable, as it is capable of injuring plaintiff husband's standing and reputation in all aspects of his personal and professional life, and of inflicting serious psychological and emotional damage to both plaintiffs, as well as to their family members. Such harm is not readily compensable in damages.

We have also weighed the relative hardship that may be suffered by defendant if the preliminary injunction is granted, and conclude that the degree of harm to be caused to plaintiffs if the conduct continues unabated far exceeds any which may be caused to defendant if her picketing and other communications are enjoined pending the trial.

■ With respect to the production of defendant's sealed divorce records, it is our conclusion that defendant's allegations that plaintiff husband deprived her of "any chance for a happy marriage" and so traumatized her that she lost the "possibility of intimacy and friendships with either sex", render these records potentially relevant to the instant proceeding. We are cognizant, however, that the interests of defendant's former husband may be affected, and it is, accordingly, the directive of this Court that the records be examined in camera for materiality and relevance to this litigation, and that discovery rulings be tailored to meet any reasonable objections raised by defendant's former spouse.

■ Finally, it is the view of this Court that plaintiffs have failed to put forth a sufficiently compelling reason to overcome the strong public policy of favoring open judicial proceedings (Judiciary Law § 4; Matter of *Herald Co. v Weisenberg*, 89 AD2d 224, 226, *affd* 59 NY2d 378; *Anonymous v Anonymous*, 158 AD2d 296, 297).

Accordingly, the order, Supreme Court, New York County (Carol H. Arber, J.), entered October 7, 1991, which denied plaintiffs' motion for a preliminary injunction and for closure of all proceedings and a sealing of the record, should be modified, on the law and in the exercise of discretion, to grant plaintiffs' motion for a preliminary injunction, and otherwise affirmed, without costs; and the order of said court, entered July 23, 1991, which, *inter alia,* granted defendant's motion for a protective order, and denied plaintiffs' cross motion to compel production of sealed records pertaining to defendant's 1985 divorce, should be modified, on the law and in the exercise of discretion, to grant plaintiffs' cross motion, to the

extent that said records will be produced for in camera inspection, with notice and opportunity to be heard accorded to defendant's former spouse before any discovery determinations are made, and otherwise affirmed, without costs.

SULLIVAN, J. P., WALLACH, KUPFERMAN and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered October 7, 1991, which denied plaintiffs' motion for a preliminary injunction and for closure of all proceedings and sealing the record, is modified, on the law and in the exercise of discretion, to grant plaintiffs' motion for a preliminary injunction, and otherwise affirmed, without costs; and the order of said court, entered July 23, 1991, which, inter alia, granted defendant's motion for a protective order, and denied plaintiffs' cross motion to compel production of sealed records pertaining to defendant's 1985 divorce, is modified, on the law and in the exercise of discretion, to grant plaintiffs' cross motion, to the extent that said records will be produced for in camera inspection, with notice and opportunity to be heard accorded to defendant's former spouse before any discovery determinations are made, and otherwise affirmed, without costs.