VANESSA DENNIS, Respondent, v MARIE NAPOLI et al., Defendants, and PAUL J. NAPOLI, Appellant. VANESSA DENNIS, Respondent, v MARIE NAPOLI, Appellant, et al., Defendants. [49 NYS3d 652]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered August 17, 2015, which, to the extent appealed from as limited by the briefs, denied defendant Paul J. Napoli's motion to dismiss the causes of action for defamation, intentional infliction of emotional distress, and prima facie tort as against him, and granted plaintiff's motion for a preliminary injunction restraining defendant Marie Napoli from sending unsolicited written and verbal communications about plaintiff to plaintiff's professional contacts, family, and friends and from posting derogatory comments about plaintiff on plaintiff's social media profiles or pages on which plaintiff is tagged, unanimously affirmed, with costs.

Plaintiff alleges that defendant Paul J. Napoli authorized defendant Marie Napoli's access to plaintiff's work email account and personnel file and allowed Marie Napoli to use his personal email and Facebook accounts in her endeavor to harass and defame plaintiff. These allegations state causes of action for defamation, intentional infliction of emotional distress and prima facie tort under a theory of concerted action liability (*see Bichler v Eli Lilly & Co.*, 55 NY2d 571, 580-581 [1982]; *see e.g. Wilson v DiCaprio*, 278 AD2d 25, 25-26 [1st Dept 2000]).

Plaintiff demonstrated a likelihood of success on the merits, irreparable harm in the absence of an injunction, and a balancing of the equities in her favor (*see Aon Risk Servs. v Cusack*,

102 AD3d 461, 463-464 [1st Dept 2013]). We reject Marie Napoli's argument that her unsolicited communications to plaintiff's professional colleagues, friends, and family about plaintiff's alleged sexual proclivities are constitutionally protected speech; the record supports plaintiff's claims that these communications cause injury to her reputation, jeopardize her employment, and otherwise unnecessarily intrude upon her right to privacy (*see Ansonia Assoc. Ltd. Partnership v Ansonia Tenants' Coalition*, 253 AD2d 706 [1st Dept 1998]; *Bingham v Struve*, 184 AD2d 85, 89 [1st Dept 1992]; *see generally People v Shack*, 86 NY2d 529 [1995]). Moreover, contrary to defendant's contention that it is overly broad, the preliminary injunction is narrowly tailored to protect plaintiff's privacy.

Finally the court properly rejected defendant Paul Napoli's contention that plaintiff's claims are barred by the letter agreement. "The test for determining whether specific activities are within the scope of employment or purely personal is whether the activities are both reasonable and sufficiently work related under the circumstances" (*Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 249 [1986]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Acosta, J.P., Richter, Manzanet-Daniels, Gische and Webber, JJ. **[Prior Case History: 2015 NY Slip Op 31540(U).]**