Poretsky v Bartleby & Sage, Inc. (2022 NY Slip Op 01751)





Poretsky v Bartleby & Sage, Inc.


2022 NY Slip Op 01751


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 652968/18 Appeal No. 15514-15514A Case No. 2021-00361, 2021-00362 

[*1]Greta Poretsky, Individually and Derivatively on Behalf of Each of Bartleby and Sage, Inc. et al., Plaintiffs-Appellants,
v
Bartleby and Sage, Inc., et al., Defendants-Respondents, Davidoff Hutcher & Citron, LLP, et al., Defendants.


The Law office of Alexander Paykin, P.C., New York (Alexander Paykin of counsel), for appellant.
Tarter Krinsky & Drogin, LLP, New York (David H. Wander of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about October 14, 2020, which, insofar as appealed from, denied plaintiff's motion to disqualify David Wander as defendants' counsel, unanimously reversed, on the law, without costs, and the facts and in the exercise of discretion, and the motion granted. Order, same court and Justice, entered on or about December 9, 2020, which, insofar as appealed from as limited by the briefs, denied in part plaintiff's motion to compel discovery or for discovery sanctions, unanimously affirmed, without costs.
Disqualification of David Wander as defendants' counsel is warranted based on a conflict of interest. It is undisputed that Wander previously served as counsel for the corporate defendants and now purports to represent those defendants as well as their majority shareholder in an action brought against them by their minority shareholder and derivatively on their own behalf (see Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 608 [2d Dept 2018]).
In view of our disposition of this issue, we need not reach the parties' arguments with respect to whether Wander was a necessary witness.
The motion court providently exercised its discretion in denying in part plaintiff's motion to compel. Plaintiff's counsel did not dispute that, by October 2020, defendants had produced everything they were previously ordered to produce except for certain 2016 documents, as to which plaintiff's motion to compel was granted. The remaining information sought by plaintiff was duplicative, irrelevant, or otherwise improper.
We find that sanctions are not warranted for defendants' conduct in discovery or plaintiff's conduct on appeal.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022