Skillshare, Inc. v Miller (2024 NY Slip Op 51268(U))

[*1]

Skillshare, Inc. v Miller

2024 NY Slip Op 51268(U)

Decided on September 10, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 10, 2024
Supreme Court, New York County

Skillshare, Inc., Plaintiff,

against
Kelley Miller, Defendant.

Index No. 650842/2024

Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, NY (Adam M. Felsenstein of counsel), for plaintiff.
No appearance for defendant.

Gerald Lebovits, J.

Plaintiff, Skillshare, Inc. moves for a preliminary injunction enjoining defendant, Kelley Miller, from releasing audio or video about plaintiff; transmitting disparaging comments or media about plaintiff as threatened in an email to plaintiff's CEO, Matthew Cooper; contacting any of plaintiff's officers or employees; and retaining plaintiff's property such as email and text messages, photographs; and audio recordings. (NYSCEF No. 16 at 1 [notice of motion].) Defendant has not appeared in this action.
Plaintiff brought on this motion by order to show cause, accompanied by a request for a temporary restraining order pending resolution of the motion. (See NYSCEF No. 2 [proposed OSC].) This court granted the TRO in part—prohibiting defendant from (i) releasing a video about plaintiff that she referred to in emails to Cooper; (ii) further contacting Cooper; and (iii) retaining company property, including emails and text messages. (NYSCEF No. 16 [TRO].) The [*2]court now concludes that plaintiff is entitled to a preliminary injunction only with respect to the bar on defendant's continuing to contact Cooper.
To be entitled to a preliminary injunction, plaintiff must "demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor." (Uber Tech., Inc. v American Arbitration Assn., Inc., 204 AD3d 506, 508 [1st Dept 2022].)
Plaintiff argues that it would suffer "reputational damage" if defendant were permitted to release the damaging video about plaintiff. (NYSCEF No. 13 at 11.) Indeed, communications with the potential to injure plaintiff's reputation may constitute irreparable harm. (See Bingham v Struve, 184 AD2d 85, 89-90 [1st Dept 1992].) But a prior restraint on speech—including allegedly defamatory speech—is strongly disfavored. That said, prior restraints may be permissible if they are narrowly tailored and supported by weighty interests, for example, in the context of contentious divorce or custody proceedings (see Karantinidis v Karantinidis, 186 AD3d 1502, 1503 [2d Dept 2020]), or upon a showing that the speech sought to be enjoined is a "part and parcel of a course of conduct deliberately carried on to further" an improper tortious or fraudulent purpose (Trojan Elec. & Mach. Co. v Heusinger, 162 AD2d 859, 860 [3d Dept 1990]).
Plaintiff has not met the heavy burden required to justify a prior restraint here. Plaintiff does not show what information is contained in the video that it seeks to enjoin—or even that plaintiff knows what that information is. (See NYSCEF No 3 at ¶ 60 [Cooper's affidavit]; cf. Sachs v Matano, 50 Misc 3d 420, 421 [Sup Ct, NY County 2015] [holding that a website containing defamatory communications, already posted for public viewing, must be taken down and that defendant may not post other defamatory communications].) In any event, on the current record, plaintiff's claim of irreparable harm is conclusory and speculative. (See Trump on the Ocean, LLC v Ash, 81 AD3d 713, 716 [2d Dept 2011] [finding that "vague and conclusory allegations" of harm to business reputation were insufficient to show irreparable injury].)
Plaintiff further contends that defendant agreed that breach of the parties' proprietary-information agreement would constitute irreparable harm entitling plaintiff to an injunction. (NYSCEF No. 13 at 12; see NYSCEF No. 5 at ¶ 7 [proprietary information and inventions agreement].) Plaintiff's counsel states that he received from defendant audio files and screenshots that contain proprietary information that defendant is prohibited from possessing. (See NYSCEF No. 32 at 3.) But plaintiff has neither provided copies of those audio files and screenshots nor described their contents—as needed to establish for injunctive-relief purposes that they contain proprietary information covered by the agreement.[FN1]
(See NYSCEF No. 5 at ¶ 3 [*3][discussing proprietary information].)
The court does conclude, though, that a preliminary injunction enjoining defendant from continuing to contact Cooper is warranted. Plaintiff has demonstrated that it is likely to succeed on the merits on the portion of its claim to enjoin defendant from contacting Cooper. Defendant's conduct—repeatedly sending harassing and profane emails to Cooper—is capable of "inflicting serious psychological and emotional damage" (Bingham, 184 AD2d at 90) and "intrud[ing] upon [Cooper's] right to privacy" (Dennis v Napoli, 148 AD3d 446, 447 [1st Dept 2017]). Finally, the equities balance in plaintiff's favor; the harm Cooper will experience absent the injunction outweighs the harm defendant would likely endure due to the injunction. (See Bingham, 184 AD2d at 90.) Moreover, the court is narrowly tailoring the scope of this injunction to apply to Cooper alone.
Accordingly, it is
ORDERED that plaintiff's motion for a preliminary injunction is granted to the extent that defendant Kelley Miller is enjoined from contacting or continuing to contact nonparty Matthew Cooper by email or by any other means; and otherwise denied; and it is further
ORDERED that plaintiff serve a copy of this order with notice of its entry on Miller by email and by certified mail, return receipt requested, directed to Miller's last-known address.
DATE 9/10/2024

Footnotes

Footnote 1:Plaintiff's counsel's affirmation includes as an exhibit two emails sent by defendant to counsel (see NYSCEF No. 12); and the affirmation states that the "audio files and screenshots attached to Exhibit "8" indicate that Defendant is in possession of proprietary information and property of Skillshare despite her unequivocal agreement to return such property as part of her separation" (NYSCEF No. 11 at ¶ 8). To the extent this statement was intended to suggest that plaintiff appended copies of the audio files and screenshots to exhibit 8 as filed on NYSCEF, plaintiff did not do so. To the extent that counsel was representing that audio files and screenshots that he viewed when they were originally attached to the emails in native format reflect defendant's retention of confidential information, that representation, standing alone, is insufficient to support the grant of an injunction.