| Belzberg v Leonidov |
| :---: |
| 2026 NY Slip Op 30639(U) |
| February 19, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 656024/2025 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:　　HON. LYLE E. FRANK

*Justice*

PART　　11M

-----------------------------------------------------------------------------X

SIDNEY BELZBERG, SIDNEY BELZBERG,

　　　　　　　　Plaintiff,

- v -

VAS LEONIDOV, RESOLVX HEALTH, JOHN FAZZIO, FAZZIO LAW OFFICES, ABC LLC,XYZ, CORP., JOHN DOE, JANE DOE

　　　　　　　　Defendant.

-----------------------------------------------------------------------------X

INDEX NO.　656024/2025

MOTION DATE　10/24/2025, 12/24/2025

MOTION SEQ. NO.　001 006

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 66, 104, 109, 110, 111, 112, 113, 114, 115

were read on this motion to/for　　　INJUNCTION/RESTRAINING ORDER　　.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 138, 139, 140, 152, 153, 162

were read on this motion to/for　　　DISQUALIFY COUNSEL　　.

Upon the foregoing documents, the motion 001 is denied and motion 006 is granted in part.

**Background**

These motions arise out of a bitter dispute among the shareholders and officers in an animal supplement company, Delaware corporation Virogex Inc. Virgoex was formed in September of 2020 by Sidney Belzberg and his wife. Plaintiff alleges that all shares in Virogex were issued to the Belzbergs and their relations, and Defendants appear to argue that some shares may have been issued to defendant Val Leonidov. Defendants also claim that it was Leonidov who registered the company, and that he was named as President, Secretary, and Treasurer. At this time, the parties resided in New York. In early 2021, Leonidov was introduced by Belzberg

656024/2025　BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL
Motion No. 001 006

Page 1 of 8

[* 1]

to John Fazzio, Esq., in relation to an eviction proceeding. Fazzio was retained both by Leonidov in the landlord-tenant proceeding, and by Belzberg as legal counsel for Virogex, according to Plaintiff's allegations. Defendants dispute this, and Fazzio alleges that it was actually the Margolis Law Firm that was retained by the Belzbergs to represent them in a foreclosure action, with Fazzio assisting as of-counsel.

*Business Breakup*

In 2025, Belzberg and Leonidov began to have a serious disagreement over the management and direction of Virogex. Plaintiff alleges that Leonidov, as aided by Fazzio, attempted in various ways to sabotage Virogex and steal its assets in order to assist with a rival animal supplement company founded by Leonidov, defendant ResolvX. This included the purported improper dissolution of Virogex by Leonidov, the liquidation of its assets, and an online "smear campaign." Plaintiff alleges that part of this smear campaign includes emails and blog posts targeting Virogex customers that claims that Plaintiff and his wife are "disgruntled former employees", that Virogex has now rebranded as ResolvX, and other allegations. It is also alleged that Leonidov, with the assistance of Fazzio, purported to dissolve Virogex despite having no authority to do so as he had been terminated from the company several months prior. The Virogex shareholders have undone that dissolution attempt in the Delaware courts and the company is currently active and in good standing. For their part, Defendants allege that the Belzbergs were also raiding the company coffers and were ousted as a result.

Procedural History

Belzberg filed this instant proceeding in October of 2025 via summons with notice, acting both individually and derivatively on behalf of Virogex. A few weeks later, Plaintiff moved by order to show cause in motion sequence 001 for a preliminary injunction and a

656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL                Page 2 of 8
Motion No.  001 006

2 of 8

[* 2]

temporary restraining order. This Court declined to grant the restraining order, and oral argument was held in February of 2026. Defendants oppose this motion. Following the filing of an amended complaint and other motion practice, Plaintiff moves again in motion sequence 006 for a preliminary injunction and to disqualify Defendants' counsel. By letter to the Court, Plaintiff alleges that Leonidov has continued to make blog posts and send emails to Virogex customers, claiming that they are being "scammed" and that "ResolvX is the real company."

**Standard of Review**

The granting of a preliminary injunction lies in the court's discretion and it is "an extraordinary provisional remedy which will only issue where the proponent demonstrates (1) a likelihood of success on the merits; (2) irreparable injury absent a preliminary injunction, and (3) a balance of equities tipping in its favor." *Harris v. Patients Med., P.C.*, 169 A.D.3d 433, 434 [1st Dept. 2019].

**Discussion**

Plaintiff here in motion sequence 001 seeks a preliminary injunction: 1) preventing the Defendants from taking any actions to encumber, dispose, alienate, pledge, or transfer any assets of Virogex, or formerly owned by Virogex, or any interests therein; 2) restraining Defendants from acting to publicly disparage or publish any statement relating to Virogex or its current officers, directors, and/or shareholders; 3) preventing Defendant from interfering with the ongoing business operations of Virogex; and finally Plaintiffs seek an order directing Defendants to "transfer all assets to the custody of the Clerk of the Court." Then in motion sequence 006, Plaintiffs seek a preliminary injunction 1) enjoining Defendants from publishing a set of specific statements regarding Virogex; 2) restraining Defendants from engaging in conduct likely to cause confusion about the relationship between Virogex, Virex, and ResolvX; 3) directing

[* 3]

Defendants to remove existing public postings containing the specific statements about Virogex; 4) enjoining Defendants from using the names Virogex or Virex and from communicating with Virogex customers, distributors, and vendors for the purpose of making statements about Virogex; 5) directing Defendants to issue a corrective statement and to preserve all documentation related to the creation of the allegedly defamatory comments; 6) an order making a finding that Defendants have caused irreparable harm to Plaintiffs; and 7) an order disqualifying Defendants' counsel. Defendants oppose both motions. For the reasons that follow, motion sequence 001 is denied and motion sequence 006 is granted in part.

*A Preliminary Injunction Granting Speech Restrictions Is Not Available for Libel*

Much of the requested relief in these two motions for a preliminary injunction involve a restriction on Defendants' online speech, in the form of email blasts to customer lists, blog posts, and so on. Plaintiff argues that this is a permissible, narrow restriction on commercial speech. Defendants argue that the requested relief is an unconstitutional prior restraint on speech and that the speech in question is nonactionable opinion. Plaintiff has not filed reply papers responding to the constitutional arguments raised by Defendants regarding prior restraint on speech.

In the right circumstances, a narrowly tailored restriction on speech in the form of a preliminary injunction is available. *See, e.g., Dennis v. Napoli*, 148 A.D.3d 446, 447 [1st Dept. 2017]; *U.S. RE Cos. V. Scheerer*, 41 A.D.3d 152 [1st Dept. 2007] (discussing a preliminary injunction preventing a former employee from issuing disparaging remarks in breach of an employment agreement). But due to the highly disfavored status of prior restraint on speech, a preliminary injunction is not generally available "merely to enjoin the publication of libel" but rather is only available "if it enjoins a 'true threat' against plaintiff." *Brummer v. Wey*, 166 A.D.3d 475, 477 [1st Dept. 2018]. One of the few First Department cases Plaintiff cites to in

**656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL**
  **Motion No.  001 006**

Page 4 of 8

[* 4]

4 of 8

support of their request is *Ruiz*, but there the issue was whether a party could sustain a cause of action for a *permanent* injunction alongside a claim for defamation, not whether allegedly defamatory remarks are susceptible to restriction via a preliminary injunction. *Ruiz v. Laophermsook*, 233 A.D.3d 517, 517 [1st Dept. 2024]. It appears to the Court that, even if the statements in question are ultimately found to be libelous, the Court does not have the authority to issue a preliminary injunction restricting such speech, given that it is not alleged that the speech in question constituted a true threat or was issued in violation of a valid agreement. Therefore, to the extent that either motion seeks a preliminary injunction involving a prior restraint on speech, it is denied.

*The Requested Asset Transfer and Commerce Restriction Are Impermissible Mandatory Injunctions*

In motion sequence 001, part of the relief sought is an order from this Court directed Defendants to "transfer all Assets" to the Clerk (presumably the assets alleged to be Virogex property), and restraining the Defendants from "engaging in any online retail commerce relating to any product offered for sale on digital platforms operated by the Company." While Plaintiff's papers in support of their motion are slim, it appears that he is requesting that Defendants be ordered to cease selling animal supplements online. Mandatory preliminary injunctions generally "should not be granted, absent extraordinary circumstances." *Spectrum Stamford, LLC v. 400 Atl. Tit., LLC*, 162 A.D.3d 615, 617 [1st Dept. 2018]. There is no indication of such extraordinary circumstances here, and therefore to the extent that motion 001 requests this relief it is denied.

*The Request for A Finding of Ongoing Irreparable Harm Is the Ultimate Relief Sought*

In motion sequence 006, Plaintiff seeks an order from this Court declaring that "Defendants' conduct has caused ongoing irreparable harm to Plaintiff's business reputation,

656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL                    Page 5 of 8
Motion No.  001 006

5 of 8

[* 5]

customer relationships, and physical health, for which monetary damages are inadequate." Such an order would impermissibly grant Plaintiff the ultimate relief sought on several of their causes of action and come to a conclusion as to extent of damages. The purpose of a preliminary injunction is not to grant the ultimate relief sought but rather to preserve the status quo pending the resolution of a proceeding. *See, e.g., Moltisanti v. East Riv. Hous. Corp.*, 149 A.D.3d 530, 531 [1st Dept. 2017]. Therefore, to the extent that the motion seeks this relief, it is denied.

*Disqualification of Counsel Is Proper Here in Order to Avoid the Appearance of Impropriety*

Finally, Plaintiff has moved to disqualify Defendants' counsel, John Fazzio, Esq., because Mr. Fazzio previously represented Plaintiff and Defendant Leonidov in personal legal matters as well as the company Virogex. Plaintiff also alleges that Mr. Fazzio served as an intermediary during the initial breakdown of relations between Plaintiff and Leonidov. Defendants oppose the motion, arguing that the standard for disqualification of counsel has not been met here.

The matter of attorney disqualification involves the "potentially difficult problem of balancing the interests of a client desirous of retaining an attorney of his personal choice and preference against the interests of the opposing litigant to be free from the risks of opposition by a lawyer once privy to that litigant's confidences." *Cardinale v. Golinello*, 43 N.Y.2d 288, 294 [1977]. For that reason, the movant on a motion to disqualify "bears a heavy burden", although the decision on whether to grant such a motion "rests in the discretion of the motion court." *Mayers v. Stone Castle Partners, LLC*, 126 A.D.3d 1, 5 – 6 [1st Dept. 2015]. As a general rule, an attorney who previously represented one party would be disqualified from representing an opposing party on a substantially related matter. *Solow v. W.R. Grace & Co.*, 83 N.Y.2d 303, 306 [1994]. This includes the scenario where an attorney represented a corporation and then later

**656024/2025  BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL**          **Page 6 of 8**
  **Motion No.  001 006**

6 of 8

[* 6]

purported to represent a majority shareholder in a derivative action brought by a minority shareholder. *Portesky v. Bartleby & Sage, Inc.*, 203 A.D.3d 523, 524 [1st Dept. 2022].

Here, the facts support disqualification. While Defendants argue that Mr. Fazzio's prior representations were limited and on largely unrelated matters, the Court finds that the totality of the facts creates the serious potential for an appearance of impropriety. Mr. Fazzio (both in his capacity as of counsel to the Margolis Law Firm and on behalf of his own firm) has represented both Leonidov and Belzberg in foreclosure actions, was engaged by Leonidov in January of 2025 (after the disputes between Leonidov and Plaintiff began) to represent Virogex in a vendor dispute, acted as a mediator for settlement discussions between the parties related to the same business divorce disputes that fed into this proceeding, and apparently assisted Leonidov in the improper dissolution of Virogex after Leonidov was allegedly fired by the shareholders. The Court of Appeals has stated that "an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests." *Cardinale*, at 296. It has also noted that "[b]y mandating disqualification irrespective of any actual detriment – that is, 'even when there may not, in fact, be any conflict of interest' – the rule also avoids any suggestion of impropriety on the part of the attorney" thus protecting both a client's expectation of loyalty and promoting public confidence in the Bar. *Tekni-Plex, Inc. v. Meyner & Landis*, 89 N.Y.2d 123, 131 [1996]. Therefore, the Court finds that in order to avoid the appearance of impropriety given the history between Mr. Fazzio and the various parties in this action, disqualification is proper. Accordingly, it is hereby

ADJUDGED that motion 001 is denied; and it is further

ADJUDGED that motion 006 is granted in part; and it is further

**656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL**
**Motion No.  001 006**

**Page 7 of 8**

7 of 8

[* 7]

ORDERED that Fazzio Law Offices, and John Fazzio, Esq., are hereby disqualified from representing defendants in this matter, and it is further

ORDERED that counsel for the movant, within 7 days after the entry of this order, shall serve a copy of this order with notice of entry upon defendants; and it is further

ORDERED that the action is stayed from this date until 60 days after service of a copy of this order with notice of entry upon defendants, who shall, within said period, retain another attorney in place of the attorney named above, except that, in the event the individual defendants intend instead to represent themselves, they shall notify the Clerk of the Part of this decision in writing within said 60-day period; and it is further

ORDERED that the new attorney retained by defendant shall serve upon all parties a notice of appearance and file same with the Clerk of the General Clerk's Office (60 Centre Street, Room 119) and the Clerk of the Part within said 60-day period; and it is further

ORDERED that such filing with the Clerk of the General Clerk's Office and the Clerk of the Part shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

20260219172348LFRANKC94E97054CD24717B1BE872427905EFF

| 2/19/2026 | | | |
|---|---|---|---|
| **DATE** | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL**          **Page 8 of 8**
**Motion No.  001 006**

8 of 8

[* 8]